# Hatch *versus* Bartle.

*Exemption Law.—Effect of refusal to appraise.—What interest will disqualify witness.*

1. The interest which excludes a witness must be a certain interest in the event of the suit and not a remote or contingent one, and hence in an action of trover by a purchaser at constable's sale for an article sold, but which the defendant refused to deliver; the constable, to whom the execution was directed, and the deputy, who made the levy, are competent witnesses for the plaintiff, notwithstanding the pendency of an action of trespass against them by the defendant in the execution for levying upon and selling the goods for which the action of trover was brought.

2. The verdict and judgment in the action of trover would not be evidence in the action of trespass against the constable, for, although the title to the property might be in controversy in both suits, the parties are not the same.

3. The title of a purchaser at constable's sale is not vitiated by the refusal of the officer to appraise and set apart for the defendant the property exempt from levy and sale on execution.

ERROR to the Common Pleas of *Susquehanna county.*

This was an action of trover by William K. Hatch against David Bartle and Keturah Bartle, to recover damages for the conversion of certain chattels which had been sold to the plaintiff at constable's sale, as the property of the defendant, David

[Hatch v. Bartle.]

Bartle.　Under the rulings of the court (WILMOT, J.), there was a verdict and judgment in favour of the defendant; whereupon this writ was sued out by the plaintiff.

All the material facts of the case and the errors assigned will be found in the opinion of this court.

*Little & Post,* for plaintiff.

*W. & W. H. Jessup,* for defendants.

The opinion of the court was delivered by

STRONG, J.—The plaintiff was the purchaser, at constable's sale, of certain goods sold as the property of David Bartle, one of the defendants.　Possession having been refused to him, he brought this action of trover, and on the trial offered as a witness in his behalf N. C. Warner, the constable to whom the execution had been directed, and F. Warner, the deputy of the constable, who had made the levy.　To the admission of these witnesses the defendants objected, and in support of their objections gave in evidence the record of actions of trespass which they had brought, eight months after the institution of this suit, against the plaintiff and the two Warners.　Accompanying this they gave evidence to show that the actions of trespass were brought for levying upon and selling the goods bought by the plaintiff. This, the learned judge of the Common Pleas thought, established the incompetency of the witnesses offered, and he therefore sustained the objection to their admission.　In this there was error. The interest which excludes a witness must be a certain interest in the event of the suit; a remote or a contingent interest will not answer.　The only possible pretence of an interest in the Warners, must rest on the assumption that they could use a verdict and judgment in this case in favour of Hatch, the plaintiff, to defend themselves in the pending actions of trespass.　But this assumption is unauthorized.　It is true that the title to the property might be in controversy in both suits, but the parties are not the same.　Estoppels of record operate only between parties and privies; on the trial of the actions of trespass, N. C. Warner and F. Warner would seek in vain to give in evidence the record of a judgment in this suit between Hatch and Bartle. The objection to the admissibility of these two witnesses should not have been sustained.

There was error also in the charge.　On the trial it was contended by the defendants that while the execution against David Bartle was in the hands of the constable, and before the sale was made, he demanded the privilege of the three hundred dollar exemption law, which was refused to him by the constable.　There was also some evidence that Bartle had disclaimed the ownership of the property.　Upon this part of the case the learned judge

[Hatch *v.* Bartle.]

instructed the jury that if they should find (under certain principles which he laid down) that David Bartle was in a situation to claim the benefits of the Exemption Law, then the constable acted in violation of law in making the sale, and if Hatch, the plaintiff, directed and insisted upon the sale, he took no title to the property bid off by him. To this we cannot agree. The constable's sale was not void, even though he wrongfully refused to the defendant the privilege of the statutory exemption. Had any other person than Hatch become the purchaser, it is not pretended that a title to the property would not have passed. It can make no difference that Hatch was present, directed a sale to be made, and became the buyer.

If he induced the officer to deny the debtor any right which belonged to him, the debtor has a remedy against the officer and against him. But it cannot be said that the sale was void. The debtor's rights to property under the Exemption Law extend only to such as is appraised and set apart to him. Had Bartle's privilege been accorded to him, it is by no means certain that any of the articles for which this action of trover was brought, would have been set apart to him. He might not have selected them, and the sum at which they would have been appraised cannot be known. We discover no other error in the record.

Judgment reversed, and a *venire de novo* awarded.