# Chandler's Appeal.

1. Estoppels to be binding must be mutual. No party can take advantage of a judgment or decree if he would not have been prejudiced by it had it been otherwise. In general, no one is bound unless he was either a party or privy to the adjudication.

2. A., by his will, devised and bequeathed a certain interest in his estate to B. B. subsequently assigned all his interest under said will to C. Afterwards, he executed and delivered to D. in payment of a certain patent right two judgment notes, one for $1,000, and one for $1,750. Judgments were entered on both notes and were assigned to E. and F.

[Chandler's Appeal.]

respectively. On the audit of a partial account of A.'s executors, C. claimed B.'s distributive share by virtue of the assignment. This claim was resisted by E. who contended that the assignment was fraudulent as against D. and his assignees. The court after hearing evidence, decided in favor of E.'s contention, and awarded him the amount of his judgment. Subsequently, on the audit of a further account of A.'s executors, a similar contention took place between C. and F. The court being of opinion that the invalidity of the assignment to C. as against F. was res adjudicata, declined to consider the question, and awarded to F. the amount of his claim. *Held,* that this was error. F. could not claim that the former adjudication was conclusive in his favor, and C. was entitled to have the question reheard and decided upon the same, or whatever other evidence might be adduced.

April 6th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and GREEN, JJ. STERRET, J., absent.

APPEAL from the Orphans' Court of *Philadelphia county :* Of January Term 1882, No. 13.

This was an appeal by Lindley Chandler, executor of William Chandler, deceased, from a decree of the said court, awarding distribution of the funds in the hands of Israel H. Johnson and William P. Passmore, executors of Thomas P. Hoopes, deceased.

The facts of the case were as follows :—Thomas P. Hoopes died in January 1873, and under the provisions of his will, one Thomas H. Chandler became entitled to a certain share in his residuary estate. By assignment under seal, dated September 22d 1874, and expressed to be for a valuable consideration, Thomas H. Chandler assigned and transferred all his interest under said will to William Chandler.

On November 10th 1874, Thomas H. Chandler executed and delivered to Harry J. Stubbs two judgment notes, one for $1,000, and the other for $1,750, in payment for certain patent-rights transferred by Stubbs to him. Judgments were afterwards entered up upon these notes, both of which judgments were afterwards assigned by Stubbs—one, viz., that upon the $1,000 note, to one J. C. Hall, and the other, upon the $1,750 note, to William M. Hayes.

At the audit of the second account of the executors of said Thomas P. Hoopes, the share accruing under the will to Thomas H. Chandler was claimed by William Chandler under his assignment as aforesaid, and to the extent of his judgment by said Hall, who alleged that said assignment was, as against him, invalid and of no effect. The auditor to whom the account was referred for settlement and distribution, reported that the assignment to Thomas Chandler was void, as against subsequent creditors of the assignor. He, therefore, awarded to Hall the amount of his judgment. Exceptions were filed by

William Chandler to the report of the auditor, which were subsequently withdrawn, and the report was confirmed.

Upon the audit of the third account of Hoopes' executors, a similar contention arose between Lindley Chandler, executor of William Chandler, and William M. Hayes, the assignee of the judgment upon the $1,750 note already referred to, as to the validity of the assignment by Thomas H. Chandler to William Chandler. Considerable testimony was taken as to the circumstances connected with the execution of the assignment and of the note, but the auditing judge, HANNA, P. J., declined to consider the question de novo, holding himself bound by the decree entered by the court upon the report of the auditor distributing the funds in the hands of the executors as per their second account, and held the assignment invalid, as against Hayes. He, therefore, awarded to Hayes the amount of his judgment.

Exceptions were filed to this adjudication by Lindley Chandler, executor. These were, however, dismissed by the court, PENROSE, J., delivering the following opinion:—

"Kline's Appeal, 5 Norris 363, and Gunther's Appeal, 4 W. N. C. 41, merely decide that a distribution of a fund, based upon an erroneous construction of a will, is, after the time for an appeal has passed, conclusive only so far as that fund is concerned, and that it cannot affect the rights of the parties with regard to another fund passing under the same will.

"A very different question is presented in this case, whether the assignment of his legacy by Thomas H. Chandler was not fraudulent and void as against his indebtedness to Dr. Stubbs, involved matters of fact as well as of law, and was the precise point of controversy before the auditor of the previous account filed by the executor. His finding thereon was confirmed by the court and the decree then made, unappealed from, is conclusive.

"Exceptions dismissed and adjudication confirmed."

Lindley Chandler, executor, thereupon took this appeal, assigning for error the decree of the court confirming the adjudication.

*Francis I. Gowen* and *James E. Gowen*, for the appellant. —Before a judgment in a prior action can be treated in a subsequent action as conclusive of the questions thereby determined, it must be shown by the party alleging the conclusiveness of the judgment that the parties to the two actions were the same: Peterson *v.* Lothrop, 10 Casey 228; Shulze's Appeal, 1 Barr 251; Giltinan *v.* Strong, 14 P. F. Smith 242; Aspden *v.* Nixon, 4 Howard 467; Eshelman *v.* Shuman, 1 Harris 561; Spencer *v.* Williams, L. R. 2 P. & D. 237. Moreover, a

·decree of the Orphans Court, distributing an estate is binding
and conclusive as to the fund distributed only: Guenther's
Appeal, 4 W. N. C. 41; Kline's Appeal, 5 Norris 363. The
·decision of the auditor relied on was a mere conclusion of law
and not a finding of fact. It cannot therefore operate as an
estoppel.

*Wayne MacVeagh* (with him *Geo. T. Bispham*), for the
appellees.—The decision of the auditor was practically that the
assignment was void as against Stubbs and all claiming under
him. This decision was, and ought to have been conclusive, as
against all and every of Stubbs' assignees. Estoppels operate
as to both parties and privies. The cases cited by appellant do
not militate against this doctrine. The doctrine laid down in
Guenther's Appeal and Kline's Appeal must be interpreted in
the light of the peculiar circumstances of those cases. In both
cases the questions for decision were the status or relations of
legatees *qua* the particular fund in process of distribution. Here
the question is not to settle the rights of legatees *inter sese;* it
is in effect to try the right of a hostile claimant to the share or
portion of one of the legatees. It is only another way of deter-
mining the issue raised by the attachment in execution. Now
it would be idle to say that a creditor is obliged to re-try the
question of a fraudulent assignment, upon every levy which he
may be compelled to make upon his debtor's property. Such is
not the law; and it has been distinctly held that the creditor is
not thus to be harassed with the duty of repeatedly litigating
the same question, as to every individual piece of his debtor's
property : Doty *v.* Brown, 4 Comstock 71.

Chief Justice SHARSWOOD delivered the opinion of the court
April 17th 1882.

There is no principle of law more familiar or better settled
than that estoppels to be binding must be mutual. No party
can take advantage of a judgment or decree if he would not
have been prejudiced by it if it had been otherwise. In general no
one is bound unless he was either a party or privy to the
adjudication. Nothing is clearer than that as Hayes was not a
party or privy to the former adjudication, he would not have
been concluded had that decree been in favor of the validity of
the deeds, neither can he take advantage of the decree
against its validity. It can make no difference whether the
question is one of law or fact. If of law the court has the un-
doubted right to overrule it if satisfied that it was wrong. If of
fact, the tribunal whose province it is to decide such question
may undoubtedly receive new evidence, or take a different view
of that which was at first presented. When however, the par-

[Franklin Fire Ins. Co. *v.* Gruver.]

ties and the subject matter are the same, it is conclusive without regard to whether it was right or wrong. We can discover no grounds for a distinction between courts of equity and courts of law in this respect. Upon this subject equity follows the law. Had the court below proceeded upon the former evidence and made their decree, we could have reviewed and approved or reversed it, according to our view of the law and the facts. The counsel for the appellee produced testimony to show that the deed in question was fraudulent and void, and the report of the auditor in the former case; but the adjudicating judge, on the ground that the report had been confirmed, held that question was res adjudicata, so far as that court was concerned, and without more, awarded to the appellee the amount of his judgment with interest and costs. Exceptions to this adjudication were dismissed and the adjudication confirmed. We think, for the reasons given, the decree was wrong. The appellant had a right to have the question reheard and decided, upon the same or whatever new evidence he might be able to adduce.

Decree reversed at the costs of the appellee and record remitted for further proceedings.