## MARY A. GARIS, TO USE, v. H. B. FISH ET AL.

APPEAL BY USE PLAINTIFF FROM THE COURT OF COMMON
PLEAS OF NORTHAMPTON COUNTY.

Argued March 14, 1890—Decided March 24, 1890.

1. Where an order of the court below refusing a rule for judgment for want of a sufficient affidavit of defence is assigned for error, inasmuch as the plaintiff may yet submit his cause to a jury, with a fair chance of a verdict if he is entitled to it, the order of the court will not be reversed where the plaintiff's right to judgment, as shown by the case presented, is not clear.

2. A judgment against a husband is not notice of any defect in his wife's title to land; and, upon a scire facias to revive the judgment against a purchaser from the wife, an averment of the statement of claim that there was in the husband " a legal ownership " of the land, is not such an averment of a fraudulent holding by the wife as to require a denial of such a holding in the affidavit of defence.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 263 January Term 1890, Sup. Ct.; court below, No. 372 February Term 1884, C. P.

On April 4, 1889, a scire facias to revive, with notice to

Statement of Facts.

John W. Bossert, was issued upon a judgment for $1,000 entered originally on April 5, 1884, in favor of Mary A. Garis, wife of John Garis, against Hiram B. Fish, and subsequently assigned to Charles Fetherman. The judgment had been confessed upon the note of Hiram B. Fish to Mary A. Garis dated March 31, 1884.

Mr. Fetherman, the use plaintiff, filed a statement of claim which set out the records of a deed from William Chapman and wife to H. B. Fish, for a certain tract of land, dated December 28, 1876, for an alleged consideration of $8,518.06, subject to a dower of $2,280.60; a deed from H. B. Fish and Mary R. M., his wife, to Elizabeth M. Mulhollan, for the same land, dated September 20, 1878, for an alleged consideration of $7,277.07, subject to said dower; a deed from Elizabeth M. Mulhollan to Mary R. M. Fish for the same land, dated February 28, 1884, for the alleged consideration of $7,500; a deed from Mary R. M. Fish, and H. B. Fish, her husband, to John W. Bossert, for the same land, dated April 4, 1887, for an alleged consideration of $6,100; also the entry of the above recited judgment against H. B. Fish, and its assignment to Fetherman. The statement of claim averred further:

" 7. That your affiant is informed and believes, that at no time after the title was in said Elizabeth M. Mulhollan, nor while it was in said Mary R. M. Fish, did they or either of them, take and hold the possession of said premises, but the said H. B. Fish by tenants under him took and received the rents, issues and profits thereof, and so continued to have the possession up to and at the time of the granting of the same to said John W. Bossert.

" 8. That your affiant is advised and believes, that the said H. B. Fish made and concluded the sale of said premises with the said John W. Bossert, and that whatever consideration money was paid by said Bossert, was not paid by him to the said Mary R. M. Fish, but to the said H. B. Fish, in whom there was a legal ownership of said premises, notwithstanding the granting of the title to the said Elizabeth M. Mulhollan, and by her to the said Mary R. M. Fish, and so was in him at the time of the entry of said judgment, to which the lien of said judgment did then and there attach in the premises aforesaid, and by the issuing of said scire facias the lien of said judgment has been continued upon said premises."

Statement of Facts.

The terre-tenant, John W. Bossert, filed an affidavit of defence in which he averred that the consideration for the deed from Chapman and wife to Fish, was made up of the dower charge ; of a loan of $2,600, by Mary R. M. Fish to her husband, out of her separate estate ; of a loan of $1,800 to Fish by his mother-in-law, Elizabeth M. Mulhollan, and of a balance of $1,938.36, as to the security for which affiant had no knowledge ; that the consideration for the deed from Fish and wife to Elizabeth M. Mulhollan was made up of the said dower charge, the two loans above mentioned and of a balance paid by Mrs. Mulhollan to Fish ; that the consideration for the deed from Mrs. Mulhollan to Mary R. M. Fish, was made up of the said dower charge, the said loan of $2,600, with interest and a balance of $1,800, secured by a mortgage given by Fish and his wife to Mrs. Mulhollan, and that the consideration for the deed from Fish and wife to the affiant Bossert, was made up of the said dower charge, and a balance of $3,819.40 which was paid to the said Mary R. M. Fish. The affidavit then proceeded :

" 5. That this affiant has no personal knowledge of the matters alleged in the seventh paragraph of plaintiff's affidavit of claim, but to the best of his information and belief, if the said H. B. Fish received the rents, issues and profits of said premises, this affiant avers that he received the same as agent of said Elizabeth M. Mulhollan and Mary R. M. Fish, his wife, who had the legal title and ownership of said premises after the conveyance to them respectively."

" 7. To the best of my knowledge and information, I deny, as stated in paragraph eight of plaintiff's affidavit of claim, that the said H. B. Fish made and conducted the sale of the premises therein mentioned with me, the said John W. Bossert, but that the said sale was made and conducted by John Mc-Ilhancy, Esq., as agent of the said Mary R. M. Fish. And I further aver that, to the best of my knowledge, information and belief, the consideration money mentioned in said deed of Mary R. M. Fish and H. B. Fish, her husband, to me, less the dower money, $2,280.60, was not paid to said H. B. Fish, but the same was inclosed in an envelope by the said John Mc-Ilhaney, Esq., directed to said Mary R. M. Fish, and sent to her by a messenger. And I do further aver, to the best of my

Arguments.

knowledge, information and belief, that the said H. B. Fish at
no time, either after conveyance of said premises by him to
the said Elizabeth M. Mulhollan by deed dated September 20,
1878, or after conveyance of said premises by the said Eliza-
beth M. Mulhollan to the said Mary R. M. Fish, wife of said
H. B. Fish, by deed dated February 28, 1884, or at the time
the said Mary R. M. Fish and H. B. Fish, her husband, by
deed dated April 4, 1887, granted and conveyed said premises
to me and my heirs and assigns, had any interest, title or estate
in said premises, or had any legal ownership therein, and that
the said judgment of Mrs. John Garis, to the use of Charles
Fetherman, against said H. B. Fish in the Court of Common
Pleas of Northampton County, No. 372 February Term 1884,
at the time of the entry thereof on the record on the fifth day
of April, 1884, or at any time thereafter, never was or became a
lien on the said premises so as aforesaid conveyed to me, and
the said judgment did not at the time of the entry thereof nor
afterward attach as a lien to said premises."

—A rule for judgment for want of a sufficient affidavit of
defence, after argument thereof, was discharged, SCHUYLER,
P. J., when the use plaintiff took this appeal assigning the dis-
charge of said rule for error.

*Mr. A. B. Longaker* (with him *Mr. T. F. Emmens*), for the
appellant.

Counsel cited: Davis v. Steiner, 14 Pa. 275; McGrann v.
Railroad Co., 111 Pa. 171; Thompson v. Allen, 103 Pa. 44;
Ammon's App., 63 Pa. 289; Black v. Halstead, 39 Pa. 64;
Thompson v. Clark, 56 Pa. 34; First N. Bank v. Gregg, 79
Pa. 384; Lord v. Ocean Bank, 20 Pa. 387; Peck v. Jones, 70
Pa. 83; Gould v. Gage, 118 Pa. 559; Kaufman v. Iron Co.,
105 Pa. 541; McCracken v. Ref. Congregation, 111 Pa. 106;
Hottenstein v. Lerch, 104 Pa. 454; Hood v. Fahnestock, 1
Pa. 471.

*Mr. O. H. Myers*, for the appellee, was not heard.

In the brief filed, counsel cited: Harlan v. Maglaughlin, 90
Pa. 293; Ditman v. Raule, 124 Pa. 228; Buckley v. Duff, 114
Pa. 596; Monroe v. Smith, 79 Pa. 459; Sill v. Swackhammer,
103 Pa. 7; Mitchell v. Hamilton, 8 Pa. 491; Dengler v. Kieh-
ner, 12 Pa. 38; Stewart v. Coder, 11 Pa. 90.

PER CURIAM:

The plaintiff complains that the court below refused him a judgment for want of a sufficient affidavit of defence. In all such cases, however, the plaintiff has the consolation of knowing that he has a chance to submit his cause to an impartial jury, with a fair chance of a verdict if he is entitled to it. For the same reason, we are not disposed to reverse in such cases where the right to judgment is not clear. In the present case we are all of opinion it should go to a jury. It is conceded that Mr. Bossert paid the full price for the property in good faith to Mrs. Fish, from whom he purchased it. There was nothing to put him upon notice that Mrs. Fish held the title in fraud of her husband's creditors. The $1,000 judgment entered against her husband was not notice of any defect in his wife's title. Nor is there any averment, in the plaintiff's claim filed, of any such fraud, beyond the single allegation that at the time the $1,000 judgment was entered there was in the defendant "a legal ownership" of the real estate in question. Had there been a distinct averment that the title was held by Mrs. Fish collusively, for the purpose of hindering and delaying her husband's creditors, with a statement of the facts and circumstances from which the fraud was inferred, it would doubtless have required the defendant to have negatived such averments in the affidavit of defence. But the defendant is not called upon to deny what the plaintiff has not alleged. Upon a trial before a jury the plaintiff may possibly succeed in reviving his judgments against the terre-tenant, but as the case now stands, there is not sufficient to justify us in entering a judgment against him.

The order discharging the rule for judgment is affirmed.