Elizabeth Sager et al., Appellants, v. George Mead.

164  125<br>s171 360<br>164  125<br>178  252

*Orphans' court sale—Decree—Collateral attack—Fraud.*

While as a general rule a decree of the orphans' court directing a sale of real estate cannot be impeached in a collateral proceeding, the principle does not apply where those whose rights and interests were injuriously affected by the decree were neither parties to the proceeding nor ever had a day in court.

Certain persons interested under a will which was being contested, entered into an agreement with the contestants by which the proceedings were stopped, and an administrator appointed. The parties to the agreement, who were not all of the persons interested under the will, further agreed that the property should be sold by the administrator under an order of the orphans' court, that the administrator should buy it in at the sale, and divide the property and make deeds to the several parties to the agreement. The parties interested under the will who were not parties to the agreement had *no notice* of the filing of the petition for leave to

sell, and had no day in court. *Held*, in an ejectment, that they were not bound by the decree of the orphans' court directing a sale.

*Orphans' court sale—Petition—Jurisdiction.*

A petition to the orphans' court for leave to sell real estate to pay debts averred that the "available personal assets of the decedent are entirely insufficient to pay the debts owing by said estate," and that "the debts, now presented and filed with your petitioner duly authenticated, amount to $5,124.64, being a balance over and above the assets of $4,203.64, besides interest and costs of administration." No schedule of debts was annexed. *Held*, that the petition was sufficient to give the court jurisdiction.

Argued April 30, 1894. Appeal, No. 133, July T., 1893, by plaintiffs, from judgment of C. P. Warren Co., Sept. T., 1891, No. 57, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Ejectment. Before OLMSTEAD, P. J.

The facts appear by the opinion of the Supreme Court.

Plaintiffs claimed under the will of George A. Cobham, defendants under an orphans' court sale.

Plaintiffs offered a paragraph of defendant's abstract of title referring to the will of George A. Cobham as filed, as an item of proof that the will was filed, to be followed by entry of filing, etc. Excluded as irrelevant; exception. [11]

The court, under objection and exception by plaintiff, as to jurisdiction of register, admitted in evidence the renunciation of the executors named in George A. Cobham's will, the record of letters of administration granted to R. B. Smith, petition for his removal, order vacating his appointment, request for appointment of W. M. Lindsey, bond and letters of administration granted to Lindsey, proceedings for sale of real estate to pay debts, and record of deed from W. M. Lindsey, administrator, to George N. Parmlee. [1-5]

Plaintiffs offered in evidence the agreement, signed by Georgena C. Cobham, Elizabeth Sager, John Sager, Alice Mead, George Mead and Henry Cobham, dated June 18, 1871, and identified by the witness, James O. Parmlee, Esq., to be followed by evidence that the will of George A. Cobham was withdrawn from probate; that letters of administration upon his estate were granted to W. M. Lindsey; that said administrator obtained from the court an order of sale of the real

estate of the decedent, George A. Cobham, without exhibiting to the court a schedule of the debts of the decedent; that the real estate of said decedent, consisting of several parcels, was sold as one body of land to George N. Parmlee, the person named in said agreement; that said Parmlee paid no money for said land to the administrator; that the said George N. Parmlee made deeds for different parcels of said land to different parties to said agreement, receiving no money from either of them. This evidence being for the purpose of showing that the administrator's sale, under which defendant claims title, was a fraud upon the other beneficiaries beside the parties to the agreement under the will of the testator, George A. Cobham, and void as to them. Also to prove that defendant knew of the will and who the trustees and executors under it were.

Counsel for defendant objected to the offers, except so much as goes to prove that W. M. Lindsey was appointed administrator, and that in the course of his duties as administrator, he applied to the orphans' court of Warren county for leave to sell the land in controversy, made sale thereof, the return approved by the court and deed made in pursuance thereof.

Objections sustained, evidence excluded, exception by plaintiffs' counsel and bill sealed. [12–16]

The petition for leave to sell concluded as follows:

" And your ·petitioner further represents that the available personal assets of the decedent, that have come to the hands and knowledge of your petitioner, are entirely insufficient to pay the debts owing by said estate, as appears by accounts and claims duly authenticated and filed with him.

" That the whole amount of personal property as invoiced and appraised by R. B. Smith, the former administrator, after deducting the exemption claimed and retained by the children of the deceased, was $921, to which were added some claims and accounts supposed to be due the deceased, but from which nothing has been realized and probably never will.

" The debts now presented and filed with your petitioner, duly authenticated, amount to $5,124.64, being a balance over and above the assets of $4,203.64, besides interest and costs of administration.

" Your petitioner, therefore, with the full knowledge and approbation of all the heirs of the decedent, prays an order that

the herein described real estate shall be sold for the payment of debts." No schedule of debts was annexed.

The court charged in part as follows :

" [I believe that the orphans' court sale was a regular sale, and that any act done by the administrator after his appointment and before the probate of this will was a legal and valid act, just precisely as much as though no will had been probated at all ; that you cannot go back and inquire whether this will was in existence at that time, although not upon the record. If such things could be done there would be no security of titles, particularly those obtained at orphans' court sale. After this great lapse of time, which always operates and should operate to quiet titles, I think it would be entirely illegal and contrary to public policy, and operate as a disturbance of titles that have rested quiet for many years, to hold that this whole transaction can be opened at this period and we go back and undo what the orphans' court did do in this case, and what the administrator under the authority of the orphans' court did. Under the view that we take of this case the plaintiffs cannot recover, and your verdict will be for the defendant.] " [9]

Plaintiffs' points were among others as follows :

" 1. The undisputed evidence showing that the deceased died testate, and by his will appointed trustees and executors, and no renunciation or refusal to act by said executors having been shown, the register had no jurisdiction to appoint Rufus B. Smith or W. M. Lindsey administrators of the estate of George Ashworth Cobham, deceased." Refused. [6]

" 2. The undisputed evidence showing that George Ashworth Cobham died testate, the register had no jurisdiction to issue letters of administration, except with the will annexed." Refused. [7]

3. The petition for sale was insufficient to confer jurisdiction and the sale thereunder void. Refused. [10]

4. Request for binding instruction. Refused. [8]

Verdict and judgment for defendant.

*Errors assigned* were (1–5, 11–16) rulings on evidence ; (6–10) instructions ; quoting instructions and bills of exceptions but not evidence.

*D. I. Ball, Geo. H. Higgins* and *Allen & Sons* with him, for

appellants.—The jurisdiction of the register to appoint an administrator rests entirely upon the concurrence of the two facts of death and intestacy: 2 Bl. Com. 494; McPherson v. Cunliff, 11 S. & R. 430; Devlin v. Com., 101 Pa. 276; Kane v. Paul, 14 Peters, 33; Griffith v. Frazier, 8 Cranch, 24; Grier's Ap., 101 Pa. 412; Keene's Ap., 60 Pa. 504; Halsey v. Tate, 52 Pa. 311.

The petition of the administrator did not show facts sufficient to give the court jurisdiction: Stiver's Ap., 56 Pa. 9; Torrance v. Torrance, 53 Pa. 511; act of March 29, 1832, P. L. 198; McKee v. McKee, 14 Pa. 231.

An instrument intended and used for the purpose of prejudicing the rights of another, is void, as against the rights of the party intended to be injured by it: Bunn, Raiguel & Co. v. Ahl, 29 Pa. 387; Jackson v. Summerville, 13 Pa. 359; Gilbert v. Hoffman, 2 Watts, 66; Dean v. Connelly, 6 Pa. 239.

*M. F. Elliott, H. McSweeney, W. D. Hinckley* and *W. E. Rice* with him, for appellee.—The register had jurisdiction: Statute 21 Henry VIII., ch. 7, § 3; Roberts' Digest, 252; Grove's Est., 2 Woodw. Dec. 182; Patton's Ap., 31 Pa. 465; Cook's Est., 1 Phila. 342; 1 Wms. Exrs. 657; Biglow v. Biglow, 4 Ohio, 138; Barkaloo v. Emerick, 18 Ohio, 268; Schluter v. Bank, 117 N. Y. Ct. Ap. 125; Woerner on Admrs., 568, 571, 588; Foster v. Brown, 19 Am. Dec. 672; Hutcheson v. Priddy, 12 Grattan, 85; Broughton v. Bradley, 34 Ala. 634; s. c., 73 Am. Dec. 474; Sims v. Boynton, 32 Ala. 353; Ikleheimer v. Chapman's Admrs., 32 Ala. 676; Ragland v. Green, 14 S. & M. 194; Peebles' Ap., 15 S. & R. 41.

The petition for sale sets forth sufficient facts to give the court jurisdiction to decree a sale: Stiver's Ap., 56 Pa. 9. The presumptions are in favor of the validity of the sale: Potts v. Wright, 82 Pa. 498. It cannot be attacked collaterally: Cock v. Thornton, 108 Pa. 637.

The court below did not err in rejecting the evidence offered by appellant for the alleged purpose of showing fraud in procuring the sale of the real estate of Cobham, deceased.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 1, 1894:
This action of ejectment for the land described in the writ

had its inception in circumstances which appear to be quite out of the ordinary course.

On October 6, 1870, George A. Cobham died testate, seized, inter alia, of the land in controversy, leaving to survive him three daughters : Georgena C. Cobham, Elizabeth (intermarried with John Sager) and Alice (afterwards intermarried with George Mead, the defendant, and since dead), and a stepson, Henry Cobham, who was also a nephew of the deceased. As appears by his will, the testator devised said lands to Henry Cobham, Georgena C. Cobham, John Cobham and Rasselas Brown, upon the various trusts, for life etc., specified in said will, and appointed them executors. The office of trustees having become vacant by the death of said Georgena C. and John Cobham, and in consequence of the other two trustees having ceased to act, in August, 1891 said vacancies were filled by the appointment of plaintiffs.

Pursuant to a citation issued and served on Georgena C. Cobham, Elizabeth Sager, John Sager, Alice Mead and George Mead, said will was presented for probate. Thereupon a caveat was filed by said John Sager, Elizabeth Sager and Alice Mead, and the matter was so proceeded in, at the instance of the said caveators, that an issue was directed " to try the validity of said writing and the matters of fact that may be objected thereto." That issue was afterwards discontinued by Mr. S. P. Johnson, attorney for the parties thereto, and all the papers withdrawn from the record. Said will was not probated until April 10, 1875. In the meantime Georgena C. Cobham, Elizabeth Sager, Alice Mead, George Mead and Henry Cobham, ignoring said will, waived their right to administer ; and upon their request, letters of administration on the estate of said George A. Cobham were granted to Rufus B. Smith, who was afterwards removed and letters of administration de bonis non were issued to W. M. Lindsey. On June 18, 1871, the six persons above named entered into an agreement:

(1) That the application for probate of the will aforesaid should be withdrawn ;

(2) That W. M. Lindsey shall take out letters of administration on the estate of said deceased and sell the real estate for the payment of debts ;

(3) That George N. Parmlee shall purchase the property at

said sale and hold the same for redemption by and distribution to and among the parties to said agreement according to their original rights and equities in the same, and as if the said George A. Cobham had died intestate;

(4) That the distribution of said property should be made in the manner specified in said agreement, etc., etc.

Pursuant to an order of sale made December 13, 1871, all the real estate of said decedent was sold by said Lindsay, as administrator de bonis non, etc., and bid in by said Parmlee; and afterwards, in accordance with the terms of said agreement, the property was divided and deeds made by said Parmlee to the respective parties.

Recognizing George A. Cobham as the common source of title, plaintiffs, as substituted trustees, etc., claimed under his will probated, as above stated, April 10, 1875, and defendant relied on the orphans' court sale. Plaintiffs' contention was that said sale was void and of no effect: (1) Because the register had no authority to grant letters of administration when the will was known to be in existence; (2) because the petition presented by said administrator to the orphans' court was insufficient to give said court jurisdiction to order the sale; and (3) because the agreement of June 18, 1871, between the tenants for life, for withdrawal of the will from probate, etc., together with their proceedings thereunder, was a fraud upon those entitled in remainder; and defendant being a party thereto and fully cognizant of the fraudulent purpose cannot successfully claim thereunder.

The question, as to the jurisdiction of the register, etc., is involved in the first nine specifications of error. The tenth relates to the alleged insufficiency of the administrator's petition for the order of sale; and the remaining six relate to the offers to prove the alleged fraudulent and collusive agreement to which defendant was a party, entered into and carried out for the purpose of ignoring the will and defeating its provisions, by means of the orphans' court sale, in the interest and for the benefit of the tenants for life, and to the prejudice of those interested in remainder and now represented by the substituted trustees, plaintiffs.

If it be conceded that such was the purpose of the parties to said agreement, etc., it can scarcely be doubted that the pro-

ceedings were fraudulent and void as to those whose interests were intended to be thus injuriously affected, without being made parties to the proceeding or having an opportunity to be heard.   It is not seriously contended that this would not be so, but it is insisted that the decree of the orphans' court, under which the sale was effected, cannot be impeached and avoided in a collateral proceeding.   As a general rule, the principle invoked is correct, but we think it has no application to the case under consideration, for the reason that those whose rights and interests were injuriously affected by the decree, into the procurement of which the alleged actual fraud entered, were neither parties to the proceeding nor have they ever had a day in court.   Such cases are not within the rule.   As to the interests thus defrauded the decree is, as it were, non coram judice and void.   It is not pretended that those entitled in remainder under the will in question were parties to the agreement ignoring that instrument and effecting a sale of the lands in question as though the testator had died intestate.

The principle contended for by the plaintiffs, and which we think applies to the facts of this case, is recognized in several cases, among which are: Jackson v. Summerville, 13 Pa. 359 ; McCaskey v. Graff, 23 Pa. 321 : Seylar v. Carson, 69 Pa. 81 ; Otterson v. Middleton, 102 Pa. 78 ; Gilbert v. Hoffman, 2 Watts, 66 ; Dean v. Connelly, 6 Pa. 239.   In the case first cited, it appeared that, in an action of partition, based upon a deed which had been obtained by fraud, the land was adjudged to the defendant ; and it was held that " though a judgment of a court of competent jurisdiction cannot be overturned in a collateral proceeding upon an allegation of mistake or error, yet when actual fraud had been used by a party in procuring a deed, and the deed is used as a means of obtaining a judgment in partition of the land, part of which was conveyed by the deed, the decree in partition is void, to the extent of the fraud, as to party defrauded, though it may be valid with respect to other interests not involved in the fraud." This is upon the principle that actual fraud vitiates all contracts and proceedings into which it enters and renders them null and void as to the party or parties defrauded.   Delivering the opinion of the Court in that case, Mr. Justice COULTER said : " That decree was rendered upon the faith of the fact that the Summervilles were legally

and honestly represented by Jackson. But if the deed were fraudulent and void, the title never passed out of the Summervilles, but still resides in their legal representatives. Whilst therefore the decree is good as against the interest honestly represented before the court, it is void as against the interests not represented at all; that is, not represented in the eye of the law. As to that interest, the decree of the court was, as it were, non coram judice. Where the parties have been heard or due notice has been given, the judgment or decree of the court upon the point in issue cannot be overturned, in a collateral proceeding, upon an allegation of mistake or error. That is the law. But where fraud has been used by the party, and enters into the procurement of the decree, the law holds up the mirror of truth, and it fades away."

It follows from what has been said that the proposed evidence at least tended to prove the allegations of the plaintiffs and should have been submitted to the jury with guarded instructions as to its legal effect.

As to the specifications relating to the jurisdiction of the register to appoint an administrator, etc., it is sufficient to say that, generally speaking, that officer has jurisdiction to appoint an administrator to act until a will is presented and proved. In this case, however, it is only necessary to consider the appointment of the administrator in so far as it may appear to have been part of the alleged general scheme of the parties to the agreement aforesaid, to ignore the will and defeat its provisions, to the prejudice of the rights of those entitled in remainder.

While the petition of the administrator de bonis non for the order of sale is not strictly formal and beyond the reach of adverse criticism, we cannot say that,—standing alone and disconnected with other facts, including those embraced in the rejected offers,—it was insufficient to give the court jurisdiction.

On the whole, with the proposed evidence before the jury, we think such a case would be presented as should be submitted to them under proper instructions.

Judgment reversed, and venire facias de novo awarded.