## Salvation Army Incorporated Trustees, Appellants, *v.* Lawson.

*Vendor and vendee—Defect in title—Notice—Constructive notice—Purchaser for value—Record—Judgment index—Ejectment suit—Statements in record—Res judicata.*

1. A purchaser for value who had not at the time either actual or constructive notice of any defect in his grantor's apparent title, will obtain such title as the latter seemingly had.

2. One is a purchaser for value if, at the time of the purchase, he pays his vendor, or gives him an agreement by virtue of which he actually receives the consideration stipulated to be paid, before the purchaser has any notice of a defect in the vendor's title to the property.

3. The constructive notice which will affect such a purchaser is what he could and should have learned by inquiry of the person in possession, and of others who, he had reason to believe, knew of facts which might affect the title; and also by what appeared in

the appropriate indexes in the office of the recorder of deeds, and in the various courts of record whose territorial jurisdiction embraced the property in dispute.

4. The burden of proving that a purchaser for value had actual or constructive notice of facts, not appearing of record, justifying the possible conclusion that there was a defect in his grantor's title, is upon him who avers it, and to be of any effect the evidence of such facts must be clear and unequivocal. .

5. If a grantor of land is its record owner and is in possession, no inquiry need be made of him regarding his title.

6. A purchaser of land is not affected by the entry upon a judgment index of the record of an ejectment against an owner who had parted with his title and whose deed had been recorded many years before; and this is so though the present vendor is the wife of that former owner. In order to give such notice, the plaintiff in that suit was required to make the then record owner a party to it, and have it entered in the judgment index as against him also.

7. Where it appears from a record of an ejectment suit which had been duly noted upon the judgment index, that a final judgment had been entered in favor of the defendant therein, and the time for taking an appeal has expired, a subsequent purchaser of the land is not affected with constructive notice of the statements appearing in the record of such suit.

*Evidence—Exclusion by party—Estoppel.*

8. Where a party causes to be excluded from evidence that which might have been of value to him, he cannot afterwards be heard, in that proceeding, to assert that any effect should be given to it.

*Ejectment—Legal title—Equitable owner—Right of action.*

9. The holder of the legal title to land may maintain ejectment for it as against all others than the equitable owner.

Argued May 7, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 85, Jan. T., 1928, by plaintiffs, from judgment of C. P. Warren Co., June T., 1923, No. 77, on verdict for defendant, in case of Incorporated Trustees of Salvation Army v. Blanche S. Lawson. Reversed.

Ejectment for land in Glade Township. Before ROSSITER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned,* inter alia, was refusal of judgment for plaintiffs n. o. v., referring to record.

*W. S. Clark,* of *Alexander & Clark,* with him *J. E. Mullin,* for appellant.—Defendant is barred by her laches from attacking the orphans' court sale of 1872: Evans's App., 81 Pa. 278; Brown v. Kemmerer, 214 Pa. 521; Taylor v. Coggins, 244 Pa. 228; Ridgway's Account, 206 Pa. 587; Smith v. Blachley, 198 Pa. 173; Frost v. Bush, 195 Pa. 544; Wehrle's Est., 205 Pa. 62; Roth's Est., 150 Pa. 261; Mead v. Leffingwell, 83 Pa. 187; Kribbs v. Downing, 25 Pa. 399.

Defendant's attack on the orphans' court sale of 1872 is barred by section 6 of the Act of April 22, 1856, P. L. 532: Hogg v. Wilkins, 1 Grant 67; Way v. Hooton, 156 Pa. 8; Huffnagle v. Blackburn, 137 Pa. 633; Silliman v. Haas, 151 Pa. 52.

Defendant's attack on the orphans' court sale of 1872 is barred by the twenty-one-year limitation under the Act of March 26, 1785, and also under the thirty-year limitation provided by section 1 of the Act of April 22, 1856, P. L. 532.

*C. E. Bordwell,* of *Bordwell & Eldred,* with him *Geo. B. Munn, M. E. Graham* and *Gunnison, Fish, Gifford & Chapin,* for appellee.—Appellee is not barred by the statute of limitations of 26th March, 1785 (2 Sm. L. 299, Pa. Statutes, p. 1363) : Sager v. Galloway, 113 Pa. 500; Sidall's Est., 180 Pa. 127; Little v. Wilcox, 119 Pa. 439; Bacon's App., 57 Pa. 504; Barclay v. Lewis, 67 Pa. 316; Wolford v. Morganthal, 91 Pa. 30; Ege v. Medler, 82 Pa. 86.

Appellee is not barred under the Act of April 22, 1856, P. L. 532 (Pa. Statutes, p. 1364) : Hoffman v. Strohecker, 9 Watts 183; Rogers v. Hall, 4 Watts 359; Coxe

v. Sartwell, 21 Pa. 480; Lloyd v. Lynch, 28 Pa. 419; Madole v. Miller, 276 Pa. 131; Kribbs v. Downing, 25 Pa. 399.

OPINION BY MR. JUSTICE SIMPSON, June 30, 1928:

Plaintiffs appeal from a judgment in ejectment in favor of defendant, and assign as errors, inter alia, the refusal of their point for binding instructions and the dismissal of their motion for judgment non obstante veredicto. In each respect their complaint is just.

George Ashworth Cobham, through whom both litigants claim, died October 6, 1870, seized in fee of the land in dispute. Defendant alleges she is the owner of it as devisee in remainder under his will. Plaintiffs claim, through various mesne conveyances, from one Parmalee, who obtained title by a deed from the administrator of Cobham's Estate, executed and delivered in compliance with a decree of the orphans' court, after the land had been sold, by virtue of an earlier decree, in order to realize a fund to pay his debts. We have already decided in this estate that the appointment of the administrator was legal, and the record of the orphans' court was sufficient to support the order of sale and the proceedings under it: Sager v. Mead, 164 Pa. 125, 133. Defendant, in an attempt to avoid this otherwise unassailable title, alleges that the sale to Parmalee was the result of a fraudulent conspiracy between him, the administrator, and those interested in the life estates under Cobham's will (two of the latter being defendant's father and mother), to cut out the devise in remainder to defendant, by means of the sale for the payment of debts, though well knowing there was ample available personalty to pay them.

Assuming that there was such a conspiracy, and that defendant could properly and, so far as concerned the alleged conspirators, did produce evidence sufficient to subvert the decrees of the orphans' court after more than fifty years, and subsequent to the deaths of all the par-

ties who knew the facts (despite what we said in Sager
v. Mead, 171 Pa. 349, wherein this same attack was un-
successfully made after only sixteen years, when the par-
ties knowing the facts were alive and testified), still
plaintiffs are entitled to recover if they were innocent
purchasers of the land for value without actual or con-
structive notice of the alleged conspiracy, as we shall
now show they were. .

Plaintiffs' title could be affected only with what they
actually or constructively knew at the time of the pur-
chase, necessarily, as to the latter, by what they could
have learned by inquiry of the person in possession and
of others who, they had reason to believe, knew of facts
which might affect the title, and also by what appeared
in the appropriate indexes in the office of the recorder
of deeds, and in the various courts of record whose ter-
ritorial jurisdiction embraced the land in dispute
(Jaques v. Weeks, 7 Watts 261; Hill v. Epley, 31 Pa.
331, 336; Maul v. Rider, 59 Pa. 167, 171); but not of
that which they could not have learned by inquiry of
those only who, they had reason to believe, knew of the
facts: Lower's App., 1 Walker 404. The burden of
proof upon these points was upon defendant, and, to be
of any effect, the evidence was required to be clear and
unequivocal: Meehan v. Williams, 48 Pa. 238, 241, 242;
Townsend v. Little, 109 U. S. 504, 511. It is not claimed
that plaintiffs had actual knowledge of the alleged
wrong, or that they knew of others who were acquainted
with facts which might affect the title to the property.
Their grantor was in possession, her grant was an affirm-
ance that she had a good title, and hence, as we have
held, plaintiffs were not required to make any inquiry
of her: Stiffler v. Retzlaff, 20 W. N. C. 303. "Indeed
there can be no doubt whatever of the proposition that
where the land is occupied by two persons, as, for in-
stance, by husband and wife, and there is a recorded
title in one of them, such joint occupation is not notice
of an unrecorded title in the other......The rule is uni-

versal that if the possession be consistent with the re-
corded title, it is no notice of an unrecorded title":
Kirby v. Tallmadge, 160 U. S. 379, 388.

It is not asserted that there was in the recorder of
deeds' office anything adversely affecting plaintiffs' title,
and the only thing bearing upon the matter, which had
ever appeared in a court of record, was an ejectment
brought by defendant's mother and others in 1891, six-
teen years before plaintiffs herein purchased the land,
and eleven years after the defendant in that suit had
parted with his title to it and the deed from him had
been recorded. Plaintiffs were not required to search
those records for entries against him as of that long-
past date, however, and the fact that he was the husband
of the present plaintiffs' grantor does not affect the mat-
ter: Garis v. Fish, 133 Pa. 555; Kirby v. Tallmadge,
supra. Moreover, that entry would not have been notice
to plaintiffs, even if the suit had been still pending and
undetermined, because of the failure to make the then
record owner of the land a party to the suit and have it
noted on the judgment index as an action against her
(section 2, Act of April 22, 1856, P. L. 532) ; and, fur-
thermore, the final judgment in favor of the defendant
in that suit, entered twelve years before these plaintiffs
purchased, wholly destroyed any effect which could
otherwise be given to its commencement and entry in
the judgment index: Penna. Co. for Ins. on Lives, etc., v.
Halpern, 273 Pa. 451. Besides, the entry on that index
was not put in evidence, and when plaintiffs offered the
record of the case it was excluded on the objection of
defendant, who cannot, therefore, now claim anything
by virtue of its existence.

There being, then, no actual or constructive notice to
plaintiffs of the alleged conspiracy, the only other open
question is, Were they purchasers for value? Upon this
point the facts are not in dispute. When plaintiffs
bought and obtained title, they gave, as a consideration
therefor, an agreement to pay their grantor and her hus-

band $1,400 per annum as long as they both should live, and thereafter $700 yearly to the survivor as long as he or she should live. It is not necessary to refer to the other considerations specified, since $11,200 was paid on account of that stated, long before any claim was made by defendant. The only objection alleged as to this, is that the deed was to The Incorporated Trustees of the Salvation Army in Pennsylvania, whereas the agreement to pay was by the parent body, a New York corporation named The Salvation Army. This, however, is a matter of indifference. Plaintiffs gave the contract agreed upon as the consideration for the conveyance, and upon the faith of the grant the amounts stipulated were paid. If the equitable title is in the New York corporation because it paid the specified purchase money, then plaintiffs are holders of the legal title for its benefit, and can maintain ejectment as against defendant and all others except the New York corporation, so long as the two titles have not been merged by a deed or decree. With these things, however, defendant is not concerned, and hence, at the trial below, it made no inquiry touching them.

The judgment of the court below is reversed and is directed to enter judgment for plaintiffs non obstante veredicto.