Puharic et al. *v.* Novy et al., Appellants.

Argued September 27, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Waldo P. Breeden,* for appellants.

*Stephen Stone,* of *Stone & McCandless,* and *George F. Hall,* for appellee, were not heard.

OPINION BY MR. JUSTICE KEPHART, November 26, 1934:

We have consistently held that a purchaser of land who pays value for it and has no knowledge, express or implied, of the existence of any equities in third parties, holds the title so purchased free and clear of secret liens or equities. The leading case affirming this principle is Fetterman v. Murphy, 4 Watts 424; and more recently the case of Salvation Army v. Lawson, 293 Pa. 459. Both cases involved the procurement by fraud of a sale by the one who then purchased, and a subsequent sale to a bona fide purchaser by the owner of record. The court held in each case that, although the title in the hands of the grantor was voidable, its transfer to a purchaser for value and without notice of the equity of third persons, cut off that equity and left the purchaser's title valid and free of such encumbrance.

As stated in Salvation Army v. Lawson, supra, "Assuming that there was such a conspiracy, and that defendant could properly and, so far as concerned the alleged conspirators, did produce evidence sufficient to subvert the decrees of the orphans' court after more than fifty years, and subsequent to the deaths of all the parties who knew the facts, . . . still plaintiffs are entitled to recover if they were innocent purchasers of the land for value without actual or constructive notice of the alleged conspiracy, as we shall now show they were." In the syllabus of the same case it is stated: "The burden of proving that a purchaser for value had actual or constructive notice of facts, not appearing of record, justifying the possible conclusion that there was a defect in his grantor's title, is upon him who avers it, and to be of any effect the evidence of such facts must be clear and unequivocal."

Another type of case, analogous, but dissimilar in that the equity does not arise ex delicto but by agreement, is illustrated by Landis v. Robacker, 313 Pa. 271. Therein a mortgagee assigned a mortgage to a trust company; the assignment was not recorded. Thereafter he pur-

chased the premises from the mortgagor and sold to the Murphys, assuring them that he would satisfy the mortgage which stood in his name of record. The assignee sought to enforce the mortgage, but this court ruled that the purchasers held their title free and clear of the secret lien of the assignee's mortgage. At page 276 this court said, "There is a fundamental, legal principle which works its way into situations of this kind. The assignment in possession of the assignee, while evidencing a valid interest between the parties directly affected, was, as to Murphy, an innocent purchaser, a secret lien or interest. As stated in Brown v. Simpson, 2 Watts 233, at page 245: 'Secret liens or trusts are not to be encouraged upon any species of property whatever; but in no case can such a thing prevail as to real estate against an innocent purchaser of it for a full and valuable consideration without notice, unless our recording acts are to be overturned and set aside.' " See also Magen v. Neiman, 301 Pa. 164; Smith v. Miller, 296 Pa. 340; Meehan v. Williams, 48 Pa. 238; Jacques v. Weeks, 7 Watts 261.

But the title which the purchaser takes must be "perfect on its face" to relieve him of a countervailing rule, namely, that the purchaser of an equitable interest or title stands in the shoes of the grantor, and takes it subject to all equities to which it was subject in the hands of the person from whom he purchased: Chew v. Barnet, 11 S. & R. 389; La Belle Coke Co. v. Smith, 221 Pa. 642. The rules which apply to an outright sale of land also apply to a mortgage of the premises. A mortgagee of land who gives the consideration called for in the mortgage to the mortgagor, and has no knowledge of secret liens or equities in third persons, will hold his mortgage lien free and clear of such liens or equities: Stonecipher v. Keane, 268 Pa. 540, 546; Mohr v. Scherer, 30 Pa. Superior Ct. 509. The purpose of the rule is manifest. Secret liens or encumbrances against any species of property are not to be encouraged. More particularly is this so with respect to real estate, where the owner of the lien,

encumbrance or equity may record it or institute proceedings immediately to secure its permanent record and place it in a position from which those who deal with the property therafter may learn that the owner does not hold a perfect title to the land involved. Where one deals with such property in entire ignorance of the existence of any recorded document or liens affecting it, he can not be penalized because of the neglect of those who could have put him on notice of their claim. Where one of two innocent persons must suffer, he whose neglect makes the injury possible must bear the responsibility. There is nothing in the present record which would cause an exception to be made to these rules. Rather, if appellant's position were sustained, it would open a fertile field for fraud.

A, an owner of property, conveyed a one-half interest to B. A died and, by her will, devised a life estate to B in the other one-half. B executed a mortgage covering the property to C. The children of A, by a former marriage, instituted proceedings in the orphans' court to set aside the will, and, in the common pleas court in equity, to set aside the deed. Both proceedings were grounded in fraud and duress, and were successful. The will and the deed were declared null and void. C, the mortgagee, had no notice of these proceedings. Partition proceedings were then instituted by the children, and C, the mortgagee, in distribution thereunder, claimed and was allowed the full amount of his mortgage. It was contended in the court below, as it is here, that when the deed and will fell because of the mortgagor's fraud in acquiring title, as the mortgagee's rights rose no higher, his mortgage no longer bound the property, and became a mere personal claim against the mortgagor. This claim can not be sustained. "A deed procured by fraud is ordinarily held voidable merely; and title passes to the grantee subject to the grantor's right to defeat it. A deed procured through undue influence or duress is likewise voidable merely . . .": 18 C. J. 242, section 175.

There was nothing on the record that would put the mortgagee upon notice to extend his inquiry beyond what was shown by the record. Possession of the property at the time the mortgage was executed was in the mortgagor, as found by the court below, "at least since the death of Christina Novy, on March 20, 1926." Furthermore, the mortgagee is not bound by the proceedings setting aside the will and deed in the orphans' and common pleas courts. While the title to the property was in controversy in both proceedings, the parties were not the same. Estoppel of record operates only between parties and privies, and a mortgagee is not bound by any proceedings against the mortgagor, instituted after the execution of the mortgage, unless he is made a party thereto: Hatch v. Bartle, 45 Pa. 166; Stonecipher v. Keane, supra; 23 Cyc. 1260. A contrary rule would tend to make mortgages a very unsatisfactory security.

Judgment affirmed.