## Wolf Paper Company, Inc. v. Savits

*Stanley R. Kotzen* and *Melvin G. Levy,* for plaintiff.
*Andrew J. Forbes,* for defendant.

DEFURIA, J., July 7, 1970.—Defendant, Savits, alleges that the basis of plaintiff's claim has been fully and completely litigated and resolved in a prior proceeding in our court. He, therefore, asks that this suit be terminated on his motion for entry of summary judgment on the record.

Defendant's plea is seldom advanced. One reason, perhaps, for the rarity of the argument is that logic, reason and equity are shocked at the thought of more than one litigation over the same issue. Finality, after all, is not only a desideratum but the very purpose of litigation. The phoenix is not a favorite bird in the law.

Plaintiff answers that it may enter the legal arena once more because defendant's position, technically, does not fit any of the legally accepted forms of defense since defendant was not a party to the prior litigation.

Is the law, the vehicle for justice, ever helpless when the form of a just claim or defense is deficient? If so, a Scandinavian rottenness permeates our legal fabric.

Plaintiff owned property on January 18, 1960, in Chester, which he desired covered by fire insurance in the additional sum of $12,000. Plaintiff asked defendant, Savits, a local agent or broker, as its agent, to obtain such insurance coverage. Savits dealt through Higham et al., additional defendant, as general broker, to secure the additional coverage.

Defendant proceeded to obtain two additional fire policies from six companies in the total sum of $12,000, thus giving plaintiff an overall coverage of $22,500, since plaintiff was already insured by the Commercial Union Company for $10,500.

On May 12, 1960, plaintiff suffered a fire loss in excess of all coverage.

The six underwriters, plaintiff's present complaint alleges, refused payment for two reasons:

1. Savits incorrectly warranted that plaintiff's coverage with Commercial Union was for $16,500, instead of the lesser amount of $10,500.

2. The agent obtained by Savits, who wrote the

policy of one of the six companies, did not have authority to do so.

Defendant's new matter raised the judgment in the prior suit against the insurance companies. Plaintiff's reply holds that the prior decision was not dispositive of the present claim.

Plaintiff marshals strong authority to show that defendant cannot use any recognized form of legal defense against the suit for the $12,000 loss. Res judicata is not applicable. Of the four identities required (res, cause, person and quality of person), the identity of persons and parties to the prior action is lacking: Stevenson v. Silverman, 417 Pa. 187 (1965). Defendant, Savits, was not a party to the prior suit.

Nor may *collateral estoppel* be asserted, because, of the four identities required in res judicata, three are required for collateral estoppel, and one essential, identity of the same parties to the prior suit, is again lacking: Thal v. Krawitz, 365 Pa. 110 (1950).

If defendant turns to *estoppel by record,* he finds no relief, since, again, this legal defense operates only between parties and privies: Puharic v. Novy, 317 Pa. 199 (1934).

Finally, although plaintiff admits that his present position is a complete reversal of its original position, plaintiff avers that pleadings are not conclusive except in the cause in which they are filed. When used in other proceedings, they do not estop the party from taking different positions in a subsequent suit, citing Lapayowker v. Lincoln College Preparatory School, 386 Pa. 167 (1956).

But the facts of record show that the central issues in the prior and present suits were in all respects the same, and that judgment was entered on the prior pleadings and proof.

In the prior actions in 1961, plaintiff filed two suits against the six fire insurance companies: Wolf Paper Company, Inc. v. Associated Excess Underwriters, Inc., et al., as of March term, 1961, nos. 1597 and 1598. The suits were consolidated for trial before the Hon. John V. Diggins, without a jury, who entered a verdict for plaintiff.

On February 18, 1966, Judge Diggins filed his opinion on post trial motions specifically finding that:

1. There did not exist a warranty that plaintiff held a policy with Commercial Union for $16,500;

2. The agent did have authority to write insurance for the company so denying;

3. Judgment in favor of plaintiff in the total sum claimed of $12,000 be affirmed.

The record discloses no further proceedings.

The record, thus, conclusively reveals that the exact issues now claimed in this subsequent suit were fully and completely litigated and determined, and judgment rendered thereon in favor of plaintiff.

Res judicata and collateral estoppel are time-honored doctrines used to promote the orderly administration of justice by preventing the relitigation of issues already judicially declared. To achieve this end, however, the doctrines require "mutuality of estoppel," so that identity of parties is an essential of mutuality. The concert of mutuality is firmly established in Pennsylvania: Chandler's Appeal, 100 Pa. 262 (1882); Evans v. Moffat, 388 Pa. 559, 131 A. 2d 141 (1957).

The general rules are not inflexible, however. They abide with justice and fairness rather than technical rigidities: Hochman v. Mortgage Finance Corporation, 289 Pa. 260, 263, 137 A. 252, 253 (1927).

Some exceptions are:

(1) Adding new parties to a second suit: Slater v. Slater, 372 Pa. 519, 94 A. 2d 750 (1953); Helmig v.

Rockwell Manufacturing Company, 389 Pa. 21, 131 A. 2d 622 (1957).

(2) Showing nonliability of the first defendant which exculpates defendant in the later suit: Bigelow v. Old Dominion Copper Mining and Smelting Company, 225 U. S. 111 (1912); Brobston v. Darby Borough, 290 Pa. 331, 138 Atl. 849 (1927).

(3) Using a criminal court verdict of guilty against defendant (for extortion) in plaintiff's civil suit (to recover the money): Hurtt v. Stirone, 416 Pa. 493, 206 A. 2d 624 (1965), cert. den. 381 U. S. 925.

In 1942, Justice Traynor, in Bernhard v. Bank of America, 19 Cal. 2d 807, 122 P. 2d 892, frontally attacked the doctrine of mutuality of estoppel: "No satisfactory rationalization has been advanced for the requirement of mutuality." Long before, Jeremy Bentham called the doctrine "destitute of any semblance of reason, and as 'a maxim which one would suppose to have found its way from the gaming-table to the bench,'" as quoted by Judge Friendly in Zdanok v. Glidden Company, 327 F. 2d 944 (1964).

Justice Traynor points out a lack of mutuality in the doctrine itself. "The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided": Bernhard v. Bank of America, supra, page 894.

Rather than inquiring into mutuality, the question should be: Has the party sought to be estopped had a full and fair opportunity to litigate the subject matter of the estoppel?: Bruszewski v. United States, 181 F. 2d 419 (1950). The third circuit refused to al-

low plaintiff, unsuccessful in his first suit, to sue a different defendant in a second suit. In the instant case, plaintiff was successful in its first suit.

A plaintiff with two identical policies issued by two insurance companies tried to use two different forums. He sued one company in Federal court and the other in the State court. The claims, defenses and issues were the same in both cases. Plaintiff lost in Federal court. Defendant in the State court then asked leave to amend its answer to plead the Federal verdict and judgment as res judicata, estoppel by judgment or collateral estoppel. The lower court refused because of the absence of mutuality of estoppel.

The Supreme Court, in Posternack v. American Casualty Company of Reading, 421 Pa. 21, 218 A. 2d 350 (1966), reversed, noting that the "tendency by this Court, at least in limited areas, [is] not to allow the technical formalities of res judicata to stand in the way of justice," citing the Helmig and Hurtt cases, ante.

Whether a motor vehicle operator had exceeded his authority under insurance policy provisions had been litigated in a prior suit. The court, in Provident Tradesmens Bank and Trust Company v. Lumbermens Mutual Casualty Company, 411 F. 2d 88 (1969), refused relitigation of the same issues on the identical facts against the same defendant by a different plaintiff. The court applied collateral estoppel ". . . simply as a device to prevent relitigation of issues which have been fairly decided. . . ."

Formalism should not impede the achievement of desirable results. The dogma of party and privy cannot stand when the identical issues on the identical facts reappear: Bruszewski, supra.

Not only does plaintiff ask this court to bar defendant on technical grounds, but it also has no qualms

about completely reversing its position in order to make a claim against the new defendant.

In the first suit against the insurance companies, plaintiff maintained that Savits had not misrepresented the warranty, and had not obtained insurance through an unauthorized agent. The court upheld its claims. Now, plaintiff turns about and avers, under oath, that Savits did misrepresent and did engage an unauthorized agent. This facile turn is permitted, plaintiff says, because pleadings in one suit are not conclusive in another.

Plaintiff omits mention of the fact that its pleadings and proof led to findings of fact and judgment in the first suit.

"(A) party to litigation will not be permitted to assume inconsistent or mutually contradictory positions with respect to the same matter in the same or successive series of suits": II Freeman on Judgments, §631, 5th Ed.

A Federal court characterized such conduct as playing "fast and loose" with the courts and an affront to judicial dignity, because "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice": Scarano v. Central R. Co. of New Jersey, 203 F. 2d 510, 513 (1953).

The court in United States v. Webber, 396 F. 2d 381 (3rd Cir., 1968), faced a situation not unlike ours. In an earlier suit, defendant successfully interposed a breach of warranty (against public policy) on the claim for a contingent fee. In the second suit, defendant maintained that no contingent fee arrangement existed. The United States, although not a party or privy to the first suit, sought to collaterally estop defendant.

The court held "(T)he doctrine of collateral estoppel . . . should be used carefully to prevent facts

once litigated for a unique purpose from subsequently being used to work injustice when the context changes . . . the doctrine accomplishes the equally important and equitable goals of encouraging judicial finality and preventing . . . relitigation of controversies by parties who have already had their full and fair 'day in court.' "

We note that if, as plaintiff contends, defendant here is not a privy to the earlier parties, then this plaintiff may legally recover twice for the same loss. The idea itself is repugnant, and we will not be privy to it.

For the foregoing reasons, we enter the following

ORDER

And now, July 7, 1970, defendant's motion for summary judgment is granted, and judgment is hereby entered for defendant.