# Mohr *v.* Scherer, Appellant.

*Statutes—Repeal—Deeds and mortgages—Recording acts—Indexes.*

The general Act of March 18, 1875, P. L. 32, relating to the indexes of deeds and mortgages, repeals the special Act of March 7, 1873, P. L. 222, "regulating the indexing of mortgages in the county of Lehigh." Farabee v. McKerrihan, 172 Pa. 234, distinguished.

A local act is not repealed by a general act on the same subject, even with different or inconsistent provisions; but this rule, being founded on a presumption of legislative intent, will not apply when a contrary intent is clearly apparent.

Where the clear general intent of the legislature is to establish a uniform and mandatory system, as in the municipal classification acts, the presumption must be that the local acts are intended to be repealed.

*Mortgage—Notice—Recording act—Description of property.*

The record of a mortgage is sufficient notice to a subsequent judgment creditor of the mortgagor, when the mortgage correctly describes the property, except in reciting it as situate in a township, of which it was once a part, when prior to recording the mortgage that part of the township in which the property was situated had been erected into a new township.

Argued Dec. 6, 1905.    Appeal, No. 173, Oct. T., 1905, by defendant, from judgment of C. P. Lehigh Co., April T., 1905, No. 31, on verdict for plaintiff in case of Franklin J. Mohr, now to use of Thomas Scherer, v. Thomas A. Scherer et al. Before RICE, P. J., BEAVER, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Scire facias sur mortgage.    Before TREXLER, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $879.83.    Defendant appealed.

*Error assigned* was in directing a verdict for plaintiff.

*Calvin E. Arney,* with him *Edward Harvey,* for appellants.— A mortgage misdescribing the property must be corrected before foreclosure proceedings are begun : Davis v. Cox, 6 Ind. 481.

The facts in the present case are very similar to those in

Wentz's App., 10 W. N. C. 284.   See also Friedley v. Hamilton, 17 S. & R. 70.

Purchasers at judicial sales are not required to take notice of defective or indefinite records: Banks v. Ammon, 27 Pa. 172; Sturtevant's App., 34 Pa. 149 ; Dickinson v. Beyer, 87 Pa. 274; Goepp v. Gartiser, 35 Pa. 130.

The only act which could have repealed the local act would be that of March 18, 1875, P. L. 32.   The latter act repeals nothing : Farabee v. McKerrihan, 172 Pa. 234.

Thomas F. Diefenderfer, for appellee, cited: Frick v. Fiscus, 164 Pa. 623 ; Brown's App., 82 Pa. 116.

OPINION BY BEAVER, J., March 12, 1906 :

The question here is twofold : first, was the notice to the terre-tenants of mortgaged premises contained in the mortgage index of Lehigh county sufficient in law to bind them and so make them liable for the payment of the mortgage ?   The mortgage index, it is admitted, contains the date of the entry, the name of the mortgagor, the name of the mortgagee and the volume and page of the record.   It is claimed, however, that this is not sufficient notice to the terre-tenants of the existence of the mortgage, under the provisions of section 1 of the special Act of March 7, 1873, P. L. 222.

The act in question " Regulating the indexing of mortgages in the county of Lehigh," provides : " That it shall be the duty of the recorder of deeds of the county of Lehigh to note, on the margin of the grantors' index of mortgages recorded, a brief abstract of the dates of execution and of entry of the real debt secured, when the same becomes due, of the city, borough or township where the mortgaged premises are located, the contents thereof, and the street or one or more of the adjoining owners of land whereon such premises abut (in all cases using figures where the same are practicable), for which service such recorder shall receive twenty-five cents on each mortgage, in addition to the fees now allowed."   The special provisions of this act were not complied with.   Were they in force at the time of the recording of this mortgage ?

The Act of March 18, 1875, P. L. 32, " Requiring recorders of deeds to prepare and keep in their respective offices general,

direct and ad sectum indexes of deeds and mortgages recorded therein," etc., provides, among other things, that "He (the recorder) shall, in like manner, also prepare and keep two general indexes, one direct and the other ad sectum, of all mortgages recorded in his office. Said indexes shall be arranged alphabetically and in such a way as to afford an easy and ready reference to said deeds and mortgages respectively, and shall be written in a plain and legible hand: Provided, however, that in any county where such indexes have already been prepared and in use, or where any special law relating to any of said indexes is now in force, they shall be adopted and kept as if made in pursuance of this act."

The Act of May 3, 1878, P. L. 43, " Authorizing and empowering the court of common pleas of the several counties of this commonwealth to change, alter and direct the mode of preparing and keeping indices in the several offices of record in said counties, and for preparing, making and substituting new indices for old indices, or parts thereof," provides : " Section 1. That the court of common pleas of the proper county is hereby authorized and empowered, whenever it shall appear advisable, on inspection of the books of record and indices belonging to the several offices of prothonotary and clerks of the several courts, register of wills and recorder of deeds of such county, by its order, to change and alter the mode of preparing and keeping said indices in one or more of said offices, and to direct the mode by which said indices shall thereafter be prepared and kept." " Section 2. That the said court is authorized and empowered, whenever it shall appear advisable, by its order, to direct new indices to be prepared and made of the whole or any part or parts of the indices theretofore prepared and kept in any one or more of said offices, and also to direct the mode in which said new indices shall be prepared and kept."

In the opinion of the court below, overruling the motion for a new trial, it is said : " In pursuance of said act (the one last referred to) the court of common pleas of Lehigh county, no doubt with a full knowledge of said prior acts, provided that the indexes in the recorder's office shall be kept in the same manner as these now in relation to the judgments in the court of common pleas of Lehigh county."

" The mortgage in question, as all other mortgages in said

county, was entered by giving the date of entry, the name of the mortgagor, the name of the mortgagee and the volume and page of the record."

It seems to us clear that the provisions of the act of 1875, above referred to, being entirely inconsistent with those of the special act relating to Lehigh county, by implication, repealed the latter act. The act of 1875 prescribes specifically how the mortgage index is to be kept, namely, as in the case of deeds, by entering " in their order the name of the grantor, the name of the grantee, the volume and page wherein the deed is recorded." The like manner in regard to mortgages would mean that in the mortgage index the name of the mortgagor, of the mortgagee and the volume and page where the mortgage is recorded should be entered.

We are not unmindful of the case of Farabee v. McKerrihan, 172 Pa. 234, in which it was held that : " The Act of March 18, 1875, P. L. 32, directing that recorders shall prepare and keep two indexes of deeds and two of mortgages, direct and ad sectum, does not contain any repeal of the prior legislation of the state relating to the recording of deeds and mortgages, and does not assume to create any new rule of constructive notice of recorded instruments, and in no way impairs the rule laid down in Glading v. Frick, 88 Pa. 460." That case refers only to general prior legislation. It will be observed, however, that the proviso in the act relates to "any county where such indexes have already been prepared and in use, or where any special law relating to any of said indexes is now in force," and directs that "they shall be adopted and kept as if made in pursuance of this act." This seems to us to preclude their being kept both ways, so that, instead of being kept as provided in the special Act relating to Lehigh county, of March 7, 1873, P. L. 222, the indexes should now be kept as provided in the general act of 1875, supra.

This conclusion is in harmony with Com. v. Brown, 210 Pa. 29, in which the present Chief Justice lays down, with great clearness, the result of the cases in regard to the repeal of a local, by a general, act, viz.:

"A local act is not repealed by a general act on the same subject, even with different or inconsistent provisions; but this rule, being founded on a presumption of legislative

intent; will not apply when a contrary intent is clearly apparent.

"Where the clear general intent of the legislature is to establish a uniform and mandatory system, as in the municipal classification acts, the presumption must be that the local acts are intended to be repealed."

It seems to us that a uniform, mandatory system in regard to the manner in which the indexes as to deeds and mortgages shall be kept is established by the proviso heretofore quoted, the precise provision being that "they shall be adopted and kept as if made in pursuance of this act." Whether this be so or not, however, the appellants, under the authorities above referred to, had constructive notice of the existence of the mortgage.

In view of this conclusion, it has not seemed to us necessary to discuss the Act of May 3, 1878, P. L. 43, "Authorizing and empowering the court of common pleas of the several counties of this commonwealth to change, alter and direct the mode of preparing and keeping indices in the several offices of record in said counties and of preparing, making and substituting new indices for old indices, or parts thereof." This act was held to be unconstitutional by our late Brother WICKHAM, when on the common pleas bench of Beaver county, from whose decision no appeal was taken, and we do not find that the constitutionality of the act has been passed upon by an appellate court since.

The appellants, who were summoned as terre-tenants, were the purchasers at sheriff's sale of the land alleged to be described in the mortgage, the sale having been brought about by themselves under proceedings upon a judgment of their own, subsequent in its lien to that of the mortgage. We are of opinion that the index was sufficient notice to them to send them to the record of the mortgage for information.

This brings us to the second question in the case: Did the record give them notice that the land which they purchased was the same land as that described in the mortgage?

It seems to be admitted that Joshua Miller conveyed to Henry Scherer, by two deeds dated respectively March 29, 1858, and April 5, 1865, recorded in the proper office in deed book vol. 31, pp. 501 and 502, two several tracts of land

situate in South Whitehall township. On October 31, 1867, the township of Whitehall, by proceedings duly had, was erected out of portions of North Whitehall township and South Whitehall township, the portion taken from South Whitehall township containing the premises in question. April 3, 1895, Scherer executed a mortgage to Franklin J. Mohr, which was subsequently assigned to Thomas A. Scherer, the use plaintiff here. The appellants obtained a judgment September 17, 1895, under the sale upon which they claim the premises. The description of the two several lots described in the mortgage is practically the same as that of those described in the sheriff's deed, except that in the mortgage they are described as being in South Whitehall township, in the county of Lehigh, and in the sheriff's deed as being situate in the village of West Catasauqua, in the township of Whitehall, county of Lehigh. They are described in both places as being designated as lot No. 11 on the plan or plot of town laid out by Joshua Miller, and the lot adjoining the one first described, it being designated in the mortgage as No. 12 and containing no number in the sheriff's deed. The courses and distances, however, are precisely the same. It is nowhere alleged that there is any land in South Whitehall township, the description of which would apply to the premises in controversy. Indeed, it does not appear affirmatively by the testimony that there is now a township known as South Whitehall in Lehigh county. This, however, may be inferred from the plaintiff's offer, which was admitted, of the record of the court of quarter sessions, showing the division of South Whitehall township and also showing that the township of Whitehall was made up of parts of North and South Whitehall townships. A copy of this record we find in the appellee's paper-book. Assuming, however, that a portion of South Whitehall township remained, and is now known by the same name, after Whitehall township was formed, did the fact that the land was described as being in South Whitehall instead of Whitehall township invalidate the mortgage and postpone its lien to that of the judgment of the appellants, upon which the sheriff's sale took place and the conveyance was made by the sheriff to them? The description of the premises in the mortgage is so specific,—being part of a town lately laid out by Joshua Miller upon a street fifty-

seven feet wide and running thence to a public road leading along the river Lehigh,—that it would seem to indicate both artificial and natural monuments from which it would be difficult to fix the lots described in any other place than where they are actually found. It is not shown, nor is it alleged, that there was any such place in Lehigh county. The entire case of the appellants is based upon the assumption that the failure to write Whitehall instead of South Whitehall invalidates the lien of the mortgage and makes their judgment the first lien and their title acquired thereunder good as against the holder of the mortgage. So far as we can ascertain the boundaries of Whitehall township from the record of the court of quarter sessions, as printed by the appellee, it would seem as if the Lehigh river was not touched by South Whitehall township. Taking the entire description of the lots contained in the mortgage, we cannot see how it was possible for the appellants, if they made any examination whatever, to have been deceived as to the true location of them. Admitting that they were not bound to go beyond the mortgage to the deeds which are referred to therein, and which were made before the erection of the township of Whitehall, we are of the opinion that the specific description contained therein gave notice to the appellants that the lots levied upon by the sheriff under the proceedings upon their judgment were the same as those contained in the mortgage, assuming, as we may, that the levy, which is not printed, contained the same description as that in the sheriff's deed.

Wentz's Appeal, 10 W. N. C. 284, upon which the appellants rely, is not in any sense analogous to the case under consideration. There the mortgage was a lien upon an entirely different piece of land from that sold by the sheriff, and the reasoning contained in the opinion of Mr. Justice GREEN does not in any way affect the question here. Nor has Friedley v. Hamilton, 17 S. & R. 70, any relevancy to the question under discussion. In that case a deed, absolute on its face, was recorded. A defeasance made at the same time was not recorded, and it was held that in such a case the defeasance would be considered as an unrecorded mortgage and postponed to the lien of a judgment of subsequent date. This is, of course, familiar law, but has no application here.

On the whole case, as presented, we think the judgment for plaintiff was properly directed.

The assignments of error are all overruled. Judgment affirmed.