## Stokes v. Dauphin County.

*Statutes—Interpretation of statutes—Repeal—General and special legislation.*

1. Where the clear general intent of the legislature is to establish a uniform and mandatory system as in the municipal classification acts, the presumption must be that the local acts are intended to be repealed.

2. Where an act is passed to carry into effect a mandatory general provision of the Constitution, the presumption must be that it was intended to repeal even local acts inconsistent with its terms.

*County officers—County treasurer—Salary—Treasurer of Dauphin County —Acts of Jan. 2, 1871, and July 2, 1895.*

3. The Act of July 2, 1895, P. L. 424, amending section 14 of the Act of March 31, 1876, P. L. 13, repealed the Act of Jan. 2, 1871, P. L. 1559, fixing the salary of the Treasurer of Dauphin County at $2500. The salary of the Treasurer of Dauphin County is $5000, as fixed by the Act of 1895.

Case stated to determine amount of salary of county treasurer. C. P. Dauphin Co., Jan. T., 1924, No. 274.

*Beidleman & Hull,* for plaintiff.

*William H. Earnest,* County Solicitor, for defendant.

HARGEST, P. J., April 15, 1924.—This case arises upon a case stated to determine the amount of the salary now attached to the office of County Treasurer of Dauphin County.

The population of Dauphin County at the time of the election of the plaintiff as county treasurer, as ascertained by the census of 1920, was 153,116. The plaintiff was elected at the general election held Nov. 6, 1923, and entered

upon the duties of his office on the first Monday of January, 1924, pursuant to the Act of May 27, 1841, P. L. 400. The Act of Jan. 2, 1871, P. L. 1559, provides: "That from and after the passage of this act, the Treasurer of Dauphin County shall receive a salary of $2500 a year, to be paid quarterly, which shall be in full for all duties and services said treasurer is now required to perform."

Section 5 of article XIV of the Constitution of Pennsylvania provides, in part, as follows: "The compensation of county officers shall be regulated by law. . . . In counties containing over 150,000 inhabitants, all county officers shall be paid by salary."

The Act of July 2, 1895, P. L. 424, amends section 14 of the Act of March 31, 1876, P. L. 13, entitled "An act to carry into effect section 5 of article XIV of the Constitution, relative to the salaries of county officers and the payment of fees received by them into the State or county treasury in counties containing over 150,000 inhabitants."

The act provides, in part, as follows: "The salaries of all county officers in the counties to which this act applies, which shall have less than 250,000 and over 150,000 inhabitants each, shall be as follows, namely: . . . Of county treasurer, $5000."

The plaintiff contends that he is entitled to a salary of $5000, and the defendant contends that the plaintiff is entitled to a salary of $2500.

The question is whether the General Act of July 2, 1895, repeals the Special Act of Jan. 2, 1871, relating to Dauphin County.

In Bell v. Allegheny County, 149 Pa. 381, the question was whether a local act fixing the salary of the Treasurer of Allegheny County was repealed by the General Act of March 31, 1876, P. L. 13, and, applying the general principle that "a general affirmative statute will not repeal a previous particular statute upon the same subject, though the provisions of the former be different from those of the latter," the court held that the general act did not repeal the prior local acts. But in McCleary v. Allegheny County, 163 Pa. 578, 583, 587, the court distinguished the Bell case. The court there said: "The plain command of the Constitution in section 5, article XIV, to the legislature was to fix by law salaries for county officers in counties containing over 150,000 inhabitants. That in obedience to this command the Act of 1876 was passed, we think no lawyer now doubts or ever has doubted."

After pointing out that in the Bell case both the general and the local act provided compensation by salary only, and in the McCleary case the local act provided for both salary and fees, the court said: "They cannot stand together. The general act being in complete harmony with the Constitution, and clearly passed to carry it into effect, the local act, as respects the sheriff, must give way to the general act. . . . Here there is irreconcilable hostility between the principles on which the statutes are founded; one is passed to strike down the fee system with its abuses; the other clings to and nourishes it. In the Bell case, as argued, both statutes accomplished the same end, that sought for by the fundamental law, compensation wholly by salary. In the case before us, if affirmed, the worst feature in the fee system, sheriffs' mileage, will be retained."

So that the principle is now firmly established that a local statute which provides for both salary and fees for a county officer in counties over 150,000 is repealed by the general act providing compensation by salary only: Allegheny County v. Grier, 179 Pa. 639; Bell v. Allegheny County, 184 Pa. 296.

What, then, is the situation in Dauphin County? The Act of 1871 fixed the salary of $2500, which it declared "shall be in full for all duties and ser-

vices said treasurer is *now* required to perform." Clearly this act did not prevent the Treasurer of Dauphin County from receiving compensation for duties subsequently imposed upon him by statute, where the statutes provided such compensation. There have been a number of such statutes providing for fees and commissions to county treasurers, among which are: The Act of May 2, 1899, P. L. 184, relating to mercantile taxes; Act of May 7, 1907, § 10, P. L. 175, relating to brokers' licenses; Act of May 25, 1907, P. L. 117, relating to license taxes for eating-houses; Act of May 25, 1907, P. L. 244, providing for licenses of billiard and pool-rooms; Act of April 17, 1913, § 8, P. L. 85, providing for resident hunters' licenses; Act of May 20, 1913, § 14, P. L. 229, providing for licenses for amusement places; Act of May 16, 1921, § 8, P. L. 559, providing for resident fishermen's licenses; Act of July 8, 1919, P. L. 778, providing for non-resident fishermen's licenses.

So that it is apparent that the Treasurer of Dauphin County, under the Act of 1871, receives compensation both by salary and by fees, and, therefore, he is squarely within the rule as to the repeal of local acts announced in McCleary v. Allegheny County, 163 Pa. 578.

We think there is an additional reason for holding that the Local Act of 1871 is repealed by the General Act of 1876. The people, through the Constitution, declared that there must be a uniform and mandatory system of paying county officers in counties containing 150,000 inhabitants and over, by salary and not by fees, and the Supreme Court in a rather devious way has finally declared that county officers can receive no fees for duties imposed upon them by virtue of their offices, and that only in cases where they are required to perform service as agents of the State are they entitled to fees: Philadelphia v. Martin, 125 Pa. 583; Pittsburgh v. Anderson, 194 Pa. 172; Schuylkill County v. Pepper, 182 Pa. 13; Philadelphia v. McMichael, 208 Pa. 297; Philadelphia v. Sheehan, 263 Pa. 449; Luzerne County v. Morgan, 263 Pa. 458; Westmoreland County v. Miller, 265 Pa. 394; Bachman's Appeal, 274 Pa. 420.

There is now clearly written into our law two principles for the repeal of statutes:

"1. Where the clear general intent of the legislature is to establish a uniform and mandatory system, as in the municipal classification acts, the presumption must be that the local acts are intended to be repealed.

"2. Where an act is passed to carry into effect a mandatory general provision of the Constitution, the presumption must be that it was intended to repeal even local acts inconsistent with its terms."

The first rule, although hinted at in earlier decisions, does not seem to have been clearly enunciated until 1904, when Chief Justice Mitchell declared it in Com. v. Brown, 210 Pa. 29, 39. It is now the settled law: Com. v. Moore, 255 Pa. 402; Mohr v. Scherer, 30 Pa. Superior Ct. 509. This principle was not developed when the Allegheny County cases above referred to were decided.

In our opinion, the Act of 1876 is a classification act. It classifies counties for the purpose of fixing the salaries of county officers, and, as said in McCleary v. Allegheny County, 163 Pa. 578, it was passed in obedience to the plain command of section 5 of article XIV of the Constitution.

So that it was not only the clear intent of the legislature to establish a uniform and mandatory system, but this Act of 1876 was passed to carry into effect the mandatory general provision of the Constitution.

Therefore, the conclusion is irresistible that for both these reasons, as well as upon the authority of McCleary v. Allegheny County, 163 Pa. 578, the

Special Act of 1871, relating to Dauphin County, is repealed by the Act of 1876.

It necessarily follows that the salary attached to the office of Treasurer of Dauphin County is $5000.

Judgment is, therefore, directed to be entered in favor of William G. Stokes, plaintiff, and against the County of Dauphin, defendant, in the sum of $416.67, being the proportionate amount of the salary of the plaintiff as Treasurer of Dauphin County for the month of January, 1924.

From Sidney E. Friedman, Harrisburg, Pa.