## Hultz *versus* Ackley *et al.*

1. Bishop made a deed to King in Ohio, which was acknowledged before a commissioner December 9th 1848. Hultz recovered judgment against Bishop December 26th 1848, under which the land conveyed was sold April 28th 1849, sheriff's deed acknowledged to Hultz July 23d and registered. King's deed was recorded September 8th 1849. *Held*, that the acknowledgment before a commissioner was sufficient to protect King, his deed having been recorded within twelve months.

2. The Recording Acts of March 18th 1775, March 23d 1819 and April 14th 1828, relating to deeds made out of the state, are *in pari materiâ*, and are subject to the limitation in the 2d section of the Act of 1775.

3. A sheriff's vendee is a purchaser for a valuable consideration within the recording acts, and is protected by them.

4. A commissioner's certificate is primâ facie evidence of the execution and acknowledgment of a deed, and, unless there be evidence to impeach its genuineness, it should not be left to the jury to determine whether it was executed and acknowledged at the time and place it purported to be.

November 5th 1869.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county:* No. 125, to October and November Term 1869.

This was an action of ejectment, commenced September 8th 1868, by Henry Hultz against Henry T. Ackley and Henry B. Ackley, for a lot of ground on Beaver street, Allegheny city. Alexander King was afterwards admitted to appear and defend as' landlord.

The title to the land in controversy had been in Thomas B. Bishop, a resident of the state of Ohio, who, on the 9th of December 1848, conveyed it to Alexander King (the landlord), the deed was acknowledged the same day by a commissioner of Pennsylvania residing in Ohio.   On the 26th of December 1848 Hultz, the plaintiff in this case, recovered judgment against Bishop, on which he issued execution.   Under this execution the land was sold by the sheriff to Hultz; and a sheriff's deed, dated April 28th 1849, acknowledged July 23d 1849, was made to Hultz, and duly registered in the prothonotary's office.   On the 8th of September 1849 the deed to King was recorded in Allegheny county.

The plaintiff claimed to recover on the grounds that King's deed was not recorded within six months from its date and that it was not so acknowledged as to allow one year for its being recorded as having been made out of the state.

The court (Stowe, J.) charged that the defendant had shown a good title and the verdict should be in his favor.   The verdict was for the defendant.   The instruction of the court was assigned for error, on the removal of the case to the Supreme Court.

*D. T. Watson* and *S. M. Raymond*, for plaintiff in error.—A

[Hultz v. Ackley.]

sheriff's vendee is protected by the recording acts: Hiester v. Fortner, 2 Binn. 46; Stewart v. Freeman, 10 Harris 120; Banks v. Ammon, 3 Casey 173; Magaw v. Garrett, 1 Id. 322; Salter v. Reed, 3 Harris 260. The defendant's deed not having been recorded within six months the intervening sheriff's sale concludes their title: Souder v. Morrow, 9 Casey 84; Penna. Salt Man'g. Co. v. Neel, 4 P. F. Smith 9. The 2d sect. of Act of March 18th 1775, 1 Sm. Laws 422, Purd. 321, pl. 12, provides for recording within twelve months deeds made out of the state and acknowledged in the manner provided by the act. The defendant's deed was not acknowledged in that manner, but before a commissioner; acknowledgments of that kind were first authorized by Act of April 14th 1828, § 1, 10 Sm. Laws 218, Purd. 316, pl. 39. Whether the deed was executed as was mentioned in the certificate was a fact for the jury to determine.

*Hampton & Dalzell*, for defendant in error.—The deed was on its face regularly executed and acknowledged and its validity was for the court: Welsh v. Dusar, 3 Binn. 337; Denison v. Wertz, 7 S. & R. 372; Moore v. Miller, 4 Id. 279; Vincent v. Huff, 8 Id. 381; Roth v. Miller, 15 Id. 100; Connellogue v. English, 8 W. & S. 11. A purchaser is bound to look to the possession as well as the record: Stewart v. Freeman, *supra.* The Act of March 23d 1819, § 1, 7 Sm. Laws 190, Purd. 312, pl. 14, provides for acknowledging deeds made out of the state before a judge of the Supreme Court of the United States, and they may be recorded as if acknowledged as provided in preceding acts. The Act of 1828 makes deeds acknowledged before a commissioner as available as if made before a judge of the Supreme Court of the United States. The acts are all in *pari materia.*

The opinion of the court was delivered, February 14th 1870, by
Williams, J.—This was an ejectment for a lot of ground fronting on Beaver street, in the city of Allegheny, formerly owned by Thomas B. Bishop, under whom both parties claimed title. The material facts upon which the question presented in the record arises are the following:

On the 26th of December 1848, the plaintiff recovered judgment against the said Thomas B. Bishop, in the District Court for the county of Allegheny, and issued execution thereon to January Term 1849, under which the lot in controversy was levied on and condemned as his property; upon a writ of venditioni exponas to the following April Term, all his interest therein was sold by the sheriff on the 23d of April 1849, and by deed of the same date, acknowledged July 23d 1849, and registered in the protho-notary's office, in the proper sheriff's deed book, conveyed to the plaintiff, the purchaser at the sheriff's sale, for the consideration

of $10.   Prior to the recovery of the plaintiff's judgment, Bishop
and wife, by deed bearing date December 9th 1848, in consideration of $450, conveyed the lot in question to Alexander King, the
defendant's landlord, who appeared and made defence to the action.
The deed was acknowledged by the grantors in due form of law,
on the day of its date, at Cincinnati, before a commissioner in
Ohio, residing in said city, duly appointed and authorized to take
and certify the acknowledgment and proof of deeds, &c., designed
to be used or recorded in this state; and on the 8th of September
1849, it was regularly recorded in the office for recording deeds,
&c., in and for the county of Allegheny, with the commissioner's
certificate of the acknowledgment endorsed thereon.   The court
below instructed the jury that the defendant had shown a good
title to the property, and was entitled to their verdict.   Did the
court err in so charging the jury ?   This is the only question presented by the assignment of error.   It is not alleged that the deed
to King was without consideration, or that it was made by Bishop
in fraud of his creditors.   As it was made and delivered before
the recovery of the plaintiff's judgment, it vested in the grantee a
valid and absolute title to the lot, which was not affected by the
judgment, for at the time of its recovery the grantor had no interest in the premises to which its lien could attach, and consequently
no title passed to the plaintiff under the sheriff's sale.   It still
remains in the grantee, unless he has lost it, as contended, by his
laches in not recording his deed within the time allowed by law, in
order to render it valid and operative against the plaintiff.   As a
sheriff's vendee is a purchaser for a valuable consideration, within
the meaning of the recording acts, he is protected by them.   If,
therefore, the defendant failed to record his deed in proper time,
it must be adjudged fraudulent and void against the subsequent
deed of the sheriff under which the plaintiff claims, and which was
registered in the prothonotary's office before the defendant's deed
was recorded.   If the defendant's deed had been executed and
acknowledged within the state, then, under the provisions of the
1st section of the Recording Act of 18th March 1775, it would
have been his duty to record it within six months after its execution, and the omission would have rendered it fraudulent and void
as against the plaintiff.   But, as we have seen, his deed was executed and acknowledged in Ohio, and if it is governed by the provisions of the 2d section of the act, he had twelve months within
which to record it before incurring the penalty of having it
adjudged fraudulent and void against a subsequent purchaser,
whose deed might be first recorded.   It is strenuously contended
that it does not come within this section, for, by its very terms, it
applies only to deeds and conveyances " acknowledged or proved
in manner as directed by the laws heretofore for that purpose
made, or proved by one or more of the subscribing witnesses before

[Hultz *v.* Ackley.]

any supreme judge of this province." It is true that the deed was not acknowledged in conformity with the provisions of the 22d sect., but the argument overlooks and ignores the laws which have since been passed providing other modes for the acknowledgment or proof of deeds executed out of the state, for lands within the state, to be used and recorded here. The Act 23d March 1819, Purd. Dig. 312, § 14, declares, that " all deeds, conveyances and other instruments of writing, concerning any lands, tenements and hereditaments within this state, that may hereafter be made out of this state, the execution whereof being duly acknowledged by the party or parties executing the same, or proved by the oath or affirmation of one or more of the subscribing witnesses thereto, *before one of the judges of the Supreme Court of the United States,* or before a judge of the District Court, or before any one of the judges or justices of the Supreme or Superior Court, Courts of Common Pleas of any state or territory within the United States, and so certified under the hand of the said judge and seal of the court, shall be as valid to all intents and purposes, and be in like manner entitled to be recorded, as if the same had been made, acknowledged or proved and certified in conformity with any law of this Commonwealth." And the Act of the 14th April 1828, Purd. Dig. 316, § 39, authorizing the governor to appoint commissioners in other states to take the acknowledgment or proof of deeds for any lands, tenements or hereditaments lying or being in this state, provides that " such acknowledgment or proof taken or made in the manner directed by the laws of this state, and certified by any one of the said commissioners, before whom the same shall be taken or made, under his seal, which certificate shall be endorsed on or annexed to said deed or instrument aforesaid, shall have the same force and effect, and be as good and available in law for all purposes, as if the same had been made or taken before a judge of the Supreme Court of the United States." These acts are all in *pari materia,* and must be construed together, and therefore they must be regarded as subject to the limitation contained in the 2d section of the original act. The main purpose of this section was to limit the time within which deeds executed out of the state, and acknowledged or proved as therein authorized and provided, might be recorded in order to be available against subsequent purchasers, whose deeds were first recorded. The only purpose of the subsequent acts was to provide greater facilities for the acknowledgment or proof of such deeds than were afforded by the original act. All of these acts must then be read and construed as if they constituted but one enactment; and if so, the deeds acknowledged in conformity with the provisions of either are subject to the limitation of the 2d section of the original act. If they are not, then there is no law defining and limiting the time within which they must be recorded. They do not come

13 P. F. Smith—10

[Hultz *v.* Ackley.]

within the provisions of the 1st section, for that applies only to deeds executed and acknowledged, or proved, within the state. And if they do not come within the limitation contained in the 2d section, they stand on the footing of deeds made before the passage of the act, and are within the mischief which it was intended to remedy. It would, therefore, be most unreasonable, to hold that the legislature in providing new modes for the acknowledgment or proof of deeds executed out of the state, intended to exempt them from the limitation prescribed in the original act. Even if we could impute such an intention to the legislature, and construe these statutes as isolated and independent enactments, it would not avail the plaintiff, for, if the defendant's deed is not within the limitation of the 2d section of the Act of 1775, there is no law limiting the time within which it must be recorded under pain of being adjudged fraudulent and void against a subsequent purchaser. But for the reasons given it is clearly within the limitation, and as it was recorded within the prescribed period the defendant has a good and valid title to the lot.

Nor was it, as contended, a matter of fact for the jury to decide whether the defendant's deed was actually executed at the time and place mentioned in the instrument or certificate of acknowledgment endorsed thereon. Under the Act of 3d April 1840, Pamph. L. 233, the commissioner's certificate was primâ facie evidence of its execution and acknowledgment, and without some evidence tending to show its falsity or to impeach its genuineness, it would have been error to have left it to the jury to determine whether the deed was executed and acknowledged at the time and place it purported to be, as certified by the commissioner. The learned judge of the Common Pleas was therefore right in giving a binding direction to the jury to find for the defendants.

Judgment affirmed.