| 179 | 263 |
|---|---|
| 32 SC | 92 |

# Ovington I. Riddle, Executor of last will of Samuel L. Riddle, Sr., Appellant *v.* John M. Armstrong.

*Deed—Recording deed—Notice.*

In an action of ejectment it appeared that the deed under which defendant claimed was executed, delivered and recorded about eight months before the deed from the same grantors under which plaintiff claimed, was placed of record. The latter deed was dated over ten years before the deed to the defendant. The evidence as to whether the defendant had notice, or had reason to know, of the unrecorded deed was conflicting, and was submitted to the jury. *Held,* that a verdict and judgment for defendant should be sustained.

Argued Oct. 21, 1896.  Appeal, No. 178, Oct. T., 1896, by plaintiff, from judgment of C. P. Butler Co., Sept. T., 1882, No. 26, on verdict for plaintiff.  Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Ejectment for a tract of land in Fairview township.  Before HAZEN, P. J.

At the trial it appeared that Alexander Armstrong formerly claimed title to the whole of the farm in dispute.  He obtained his title to the land by a deed from John M. Christy and Sarah A. Christy, his wife, and Maria L. Christy, dated March 27, 1865, and duly recorded in Butler county on March 1, 1867. John M. Christy owned the southern half of the farm and Maria L. Christy, his mother, owned the northern half of the farm at the time they made the deed to Armstrong.  Maria L. Christy had a husband, Andrew J. Christy, living at the time, who did not join in the deed.  Alexander Armstrong, therefore, obtained a good title to only the southern half of the farm.  John M. Thompson, afterwards, on March 1, 1870, obtained a deed from Alexander Armstrong for the whole farm, eighty acres, which was duly recorded in Butler county, on July 8, 1870.  An execution was issued on a judgment owned by Samuel L. Riddle, the plaintiff in this case, against John M. Thompson, and the whole interest of Thompson in the land was sold to him, at December term, 1881.  On the trial of the case the defendant set up the defense that the deed from Alexander Armstrong to Thompson was a mortgage in effect, and the consideration of the deed was attacked.  The defendant set up the further defense that he was the owner of the northern half of the farm by virtue of a deed from Maria L. Christy and Andrew J. Christy, her husband, dated December 14, 1881, and recorded in Butler county on November 16, 1881, and that he was in actual possession of the northern half of said farm in good faith under that title.  John M. Thompson had also obtained a deed from Maria L. Christy and Andrew J. Christy, her husband, dated April 26, 1870, but this deed had not been recorded at the time the defendant got his title from Maria L. Christy and her husband, and was not recorded until July 24, 1882, some eight months after the interest of Thompson in the farm was sold, and some eight months after John M. Armstrong had placed his deed on record.

The court charged in part as follows :

[Gentlemen, in passing upon the question of fact, if you should find as a fact from the weight of the evidence that John M. Thompson took a conveyance of this land bona fide from Alexander Armstrong, and did not hold it as a mortgage or security for money, then, so far as there was at that time a legal title, good title, in Alexander Strong, it passed to Thompson. If you find from the weight of the evidence that it was not a bona fide conveyance, but only a security for the money , then having found in either event we think it would abbreviate somewhat your labor. If you find it as a security, as claimed by the defendant, and that alone, then we think that your verdict reasonably would be for the defendant.] [11]

[As to the deed from A. J. Christy and Maria L. Christy, his wife, that was unrecorded until after the second conveyance, if you find as a fact that the party who took the second conveyance either had knowledge, or was in position reasonably to know of the circumstances and facts, and took with knowledge, then we think there is no question that that deed vested the whole title in Thompson.] [12]

Verdict and judgment for plaintiff for the southern part of the land, and verdict and judgment for defendant for the northern part. Plaintiff appealed.

*Errors assigned* among others were (11, 12) above instructions, quoting them.

*J. P. Hunter*, with him *Lev. McQuistion* and *James N. Moore*, and *W. H. H. Riddle*, for appellant, cited, Stiffler v. Retzlaff, 20 W. N. C. 303 ; Nicholls v. McDonald, 101 Pa. 514 ; Brawdy v. Brawdy, 7 Pa. 157 ; Jamison v. Dimock, 95 Pa. 55 ; Jacques v. Weeks, 7 Watts, 276 ; Anderson v. Brinster, 129 Pa. 376 ; McGrew v. Harmon, 164 Pa. 115.

*Everett L. Ralston*, with him *John B. Greer*, for appellee.

PER CURIAM, January 4, 1897 :

The plaintiff recovered a verdict for the southern part of the property, and no discussion is needed of any questions affecting that branch of the contention. As to the northern part of the

property it need only be said that the deed from Maria L. Christy and her husband, dated December 4, 1881, to the defendant, was. executed, delivered and recorded about eight months before the deed from the same grantors to John M. Thompson. for the same premises, dated April 26, 1870, was placed on record. As between these two deeds the defendant's title was superior. The question whether he had notice, or had reason to know of Thompson's unrecorded deed, was fairly submitted to the jury and found in defendant's favor. The instructions to the jury and the answers to points were quite as favorable to the plaintiff as could be expected under all the testimony, and we discover no error in these respects. The assignments of error are all dismissed.

Judgment affirmed.