# Justice, Appellant, *v.* Watkins et al.

*Trusts and trustees—Resulting trust—Purchaser at sheriff's sale —Real estate—Evidence—Offer of proof—Blanket offer—Replication—Ejectment.*

1. If the purchaser of lands has no notice of a trust attached to them, a purchaser from him holds the lands discharged from the trust, even though such purchaser had notice of it.

2. If an owner of real estate conveys it to another and agrees to furnish money to the grantee for building operations on the land, the grantor's failure to do so is merely a breach of contract, and does not make him trustee for the grantee upon the grantor's subsequent re-acquisition of title from a purchaser at sheriff's sale.

3. In such case any voluntary statements made by the grantor after he took title from the purchaser at sheriff's sale, as to returning the property to the grantee, would not constitute the former a trustee.

4. A resulting trust, or one ex maleficio, must arise at the time the title vests in the alleged trustee.

5. An offer of proof should set forth the specific facts embraced therein so that the trial court may judge of their competency.

6. It is not error to overrule an offer to prove every fact averred in a lengthy replication in an action of ejectment.

Argued October 18, 1922.   Appeal, No. 189, Oct. T., 1922, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1920, No. 2408, on verdict for defendants, in case of William M. Justice v. Thomas A. Watkins et al.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Ejectment for land in the 7th Ward of Pittsburgh. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendants.   Plaintiff appealed.

*Errors assigned* were various rulings and direction of verdict for defendants, quoting record.

*Edward G. Bothwell,* with him *John D. Meyer,* for appellant.—A resulting trust arises from fraud on owner of property sold at auction: Seichrist's App., 66 Pa. 237; McCaskey v. Graff, 23 Pa. 321.

Misrepresentations made, or fraud indulged in, before or at the time of the acquiring of the legal title will create a resulting trust for the benefit of the injured party: McCloskey v. McCloskey, 205 Pa. 491; McDonald v. McAndrew, 40 Pa. Superior Ct. 146.

The intervening good title of the bank in the instant case is immaterial: Luther v. Luther, 226 Pa. 144; Luther v. Luther, 216 Pa. 1. If the second purchaser be the original trustee, he will be. fixed with the trust: Church v. Ruland, 64 Pa. 432.

*W. W. Stoner,* of *J. M. Stoner & Sons,* for appellee.—Where the transaction implies nothing more than the breach of a parol agreement, equity will not decree a trust: Turney v. McKown, 242 Pa. 565; Wigenroth v. Dellenbach, 219 Pa. 536. A trust ex maleficio arises only by some act or omission on the part of the wrongdoer before or at the time he acquires title to the real estate in question: Turney v. McKown, 242 Pa. 565; Seif v. Muse, 70 Pa. Superior Ct. 487; McDonald v. McAndrew, 40 Pa. Superior Ct. 146.

OPINION BY MR. JUSTICE WALLING, January 3, 1923:

This is an appeal by plaintiff from judgment entered on a directed verdict for defendants in an action of ejectment for about one acre of land on Ellsworth Avenue, Pittsburgh. The record title is in defendants' names, but plaintiff claims to be the equitable owner. The common source of title is Martha R. Mackintosh et al., who, by deed of October 14, 1911, conveyed the land to S. Donaldson Webb, and, on November 3d, of the same year, he made a like conveyance thereof to the plaintiff, William M. Justice, who at the same time gave Webb a bond and mortgage on the land for

$55,000. On divers dates during the year 1922 plaintiff gave one Clarence B. Watkins four separate mortgages, aggregating $40,000, upon the same land. All of the five mortgages were duly assigned of record to the German Savings and Deposit Bank of Pittsburgh, Pa., and by foreclosure proceedings had on one of the four mortgages the land in question was sold by the sheriff to the said bank in 1915. On July 23, 1917, the bank conveyed the same to Thomas A. Watkins (father of Clarence B. Watkins), whom we will call the defendant, although others are joined with him. Plaintiff bases his case upon certain averments in his replication, which he offered to support by proof, to the effect that Webb was a mere title holder of the land for the defendant, who as the real owner did, in connection with plaintiff's original purchase, orally agree to finance certain prospective building operations which plaintiff was about to and did undertake upon the property; that in furtherance of the agreement plaintiff gave the five mortgages and also invested some of his own money, and became heavily involved because of defendant's failure to furnish sufficient funds, in addition to that realized from the mortgages, to complete the buildings; also that the sheriff's sale was at the instance of defendant who represented to plaintiff, and certain of his creditors, that the bank would bid in the property and have the plaintiff collect the rents therefrom and apply them first to the indebtedness to the bank and to defendant, then to that of other creditors, and when the indebtedness was all paid, or satisfactorily arranged, the property would be deeded back to plaintiff; that relying on such representations both the latter and his creditors refrained from securing bidders at the sale, whereby the property was bought by the bank for many thousands of dollars less than it would otherwise have brought. Furthermore, that, pursuant to such understanding, plaintiff did collect and turn over to the bank very large sums of money and continued to do so until

compelled by a suit in equity to turn the leases over to defendant in the fall of 1918, and that the latter had, after the sheriff's sale, renewed the representations that the property would be returned to plaintiff when the indebtedness was liquidated. There was no averment, or offer of proof that, prior to the sheriff's sale, the bank had knowledge of the representations made by the defendant or ratified the same; nor was there any claim of an offer to reimburse defendant for what he paid the bank for the property, and admittedly many of the debts with which plaintiff encumbered the property are unpaid. No offer was made to prove fraud either on part of the bank or of the defendant.

There was no error in excluding the offers of evidence, for had they been established it would still have been the duty of the trial court to direct a verdict for defendants. The sheriff's sale admittedly vested in the bank a good title and that title it could convey to any purchaser regardless of what the latter knew. In other words, if the first purchaser had no notice, a purchaser from him holds the land discharged from the trust, even though such purchaser had notice of it: Bracken v. Miller, 4 W. & S. 102, 113; Church v. Ruland, 64 Pa. 432; Stonecipher v. Keane, 268 Pa. 541; Logan v. Eva, 144 Pa. 312; Mott v. Clark, 9 Pa. 399, 404.

It is urged, however, that when, after such a sale, the title comes back to the trustee it is impressed with the same trust as before the sale (Church v. Ruland, supra), but the defendant, Watkins, was not a trustee of this property before its title vested in the bank. The fact, if it be so, that he failed to furnish as much money for the building operations as he had orally promised, would at most be a breach of contract, in no manner affecting the title to the land, much less making him a trustee thereof. Neither would his advising the sheriff's sale, or representing to plaintiff that he would ultimately regain the property, make defendant a trustee, and there was no offer to show that such advice was

given or representations made fraudulently. While, undoubtedly, there may be circumstances which would estop a party from asserting title to land acquired from an innocent purchaser, they are not disclosed by the offers of proof here made. Plaintiff paid none of the purchase money, either when the bank took or when it parted with the title, so no resulting trust in his favor arose from that source. Moreover, it was not a fraud on part of the bank to make the transfer to Watkins, and as plaintiff had no possible claim on the property in the hands of the bank he was not defrauded by defendant's acceptance of the title. It is urged, however, that inasmuch as the defendant, Watkins, holds title to the property and, before the sheriff's sale, represented to plaintiff that he would ultimately get it back, he is now entitled to recover it. Without stopping to consider all the objections which might be made to this contention, it is sufficient to say the alleged representation was for a return of the property when all the judgments and claims growing out of the land transaction were paid, and admittedly that has never been done; nor is there a suggestion that the net income from the property, all told, has been sufficient for that purpose. Furthermore, as defendant paid the bank for the land, he cannot be compelled to surrender its possession, until he has been paid or tendered a reimbursement, in the absence of actual fraud in acquiring the title, of which there was no offer of proof. Again, a resulting trust, or one ex maleficio, must arise at the time the title vests in the alleged trustee: Jourdan v. Andrews, Trustee, 258 Pa. 347, 353; Turney v. McKown, 242 Pa. 565; McCloskey v. McCloskey, 205 Pa. 491, 497; Kimmel v. Smith, 117 Pa. 183; Seif v. Muse, 70 Pa. Superior Ct. 487; McDonald v. McAndrew, 40 Pa. Superior Ct. 146. Hence, any voluntary statements made by defendant, Watkins, after he took title from the bank, as to returning the property to plaintiff, would not constitute the former a trustee.

The following offer of proof made by plaintiff's counsel, viz., "I offer to prove by the witness on the stand [the plaintiff] the truth of every fact averred in the replication filed in this case, and I make the entire replication a part of this offer by reference to it without reading the entire replication," was properly rejected. The replication was in effect plaintiff's statement of claim, covering eight printed pages and divided into sixteen paragraphs; manifestly the competency of proof of the numerous matters therein set forth could not be properly passed upon under a single offer. Some of the averments might be material and the subjects of proof and others not; if so, the whole was properly rejected: Hunter v. Bremer, 256 Pa. 257; Com. v. Auerbach (No. 1), 71 Pa. Superior Ct. 54, 57. It is not the duty of a trial judge to examine sixteen paragraphs of averments to see which are material to the issue. An offer of proof should set forth the specific facts embraced therein so the trial court may judge of their competency, and it is not error to reject a blanket offer, such as here made, to prove the truth of every averment in plaintiff's statement of claim. We can say here, however, as stated with reference to the prior offers of proof, that, had every averment in the replication been established, plaintiff would not have shown a prima facie case; this of itself justified the exclusion of the offer.

We need not pass upon the effect of defendant's recovery of possession in the equity suit.

The assignments of error are overruled and the judgment is affirmed.