Smith *v.* Miller et al., Appellants.

341

Argued March 18, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Raymond E. Brown,* with him *Mitchell & Morris,* for appellants.—Since the passage of the Act of 1887, competency of witnesses is the rule, incompetency the exception: Allen's Est., 207 Pa. 325.

The provisions of the Act of 1887 have no application: Brown v. Carey, 149 Pa. 134; Norris v. Dalrymple, 18 Pa. Superior Ct. 287; Umlauff v. Bowers, 7 Pa. Dist. R. 83; Jack v. Kintz, 177 Pa. 571; Duffield v. Hue, 129 Pa. 94.

While it has been said that actual notice must be established by direct proof, as a general rule it may be established as any other fact by degrees and grades of evidence, from the most direct and positive proof to the slightest circumstance from which it may be warranted to infer notice.

Actual open possession is sufficient evidence of notice of the title of the possessor: Meehan v. Williams, 48 Pa. 238.

Moreover, a joint possession is evidence of the claim of title of each occupant: Jackson v. McFadden, 4 W. N, C. 539.

*Charles J. Margiotti,* with him *W. M. Gillespie* and *S. C. Pugliese,* for appellee.—Wherever the estate of a decedent is diminished or otherwise injuriously affected by any claim, the claimant is in law per se adverse to such estate and is therefore incompetent under the act: Weaver v. Oberholtzer, 31 Pa. Superior Ct. 425; Irwin v. Nolde, 164 Pa. 205; Sutherland v. Ross, 140 Pa. 379; Smith v. Hay, 152 Pa. 377; Campbell v. Brown, 183 Pa. 112.

The only attempt appellants' counsel makes to justify the reception of his offer was an ancient document, being more than thirty years old.

There is nothing either in the preliminary testimony or in the offer to show who had the custody of this paper from the time it is alleged to have been read at the sheriff's sale in September, 1894, up to the time of its production in court: Lau v. Mumma, 43 Pa. 267.

Appellee's predecessor in title took without notice since the notice offered was not only inadmissible, but because it contradicted the sheriff's return: Garland v. Seaton, 86 Pa. Superior Ct. 508; McClenahan v. Humes, 25 Pa. 85, 88; Carroll v. Miner, 1 Pa. Superior Ct. 439; Sergeant v. Ford, 2 W. & S. 122, 126; Flick v. Troxsell, 7 W. & S. 65, 67; Hare v. Bedell, 98 Pa. 485, 489; Brechtel v. Cortright, 13 Pa. Superior Ct. 384; Phila. Saving Fund Society v. Purcell, 24 Pa. Superior Ct. 205, 207.

A purchaser of land is unaffected by a secret trust or equity unknown to him, and he may pass title thereto, untrammeled by the trust, to a person who has notice of it: Logan v. Eva, 144 Pa. 312; Saunders v. Gould, 124 Pa. 237; Good v. Bausman, 6 W. N. C. 93.

Whenever possession of one person is shown to have once been in subordination to the title of another, it will not be adjudged afterwards adverse to such title without clear and positive proof of its having become so distinctly: Hood v. Hood, 2 Grant 229; Johns v. Johns, 244 Pa. 48; Com. v. Bierly, 37 Pa. Superior Ct. 496;

Monroe Water Supply Co. v. Starner, 242 Pa. 18; Deppen v. Bogar, 7 Pa. Superior Ct. 434.

OPINION BY MR. JUSTICE SIMPSON, April 15, 1929:

This is a second appeal in an action of ejectment. When the case was here before (Smith v. Miller, 289 Pa. 184), the point to be decided was whether or not, on the pleadings, plaintiff was entitled to a summary judgment. We held she was not; but none of the matters now to be determined was raised, considered or decided.

On the present appeal, the ultimate question is whether, as between themselves, plaintiff's or defendants' predecessor in title obtained Frank C. Miller's recorded title to the property in suit? He conveyed it to defendants' predecessor on December 11, 1878, but she did not record the deed until December 26, 1907. In the meantime, plaintiff's predecessor obtained title at a sheriff's sale in 1894, under an execution on a judgment against Frank C. Miller, who was still the record owner of the property. This latter title the court below held was the better one, and defendants appeal. The judgment is right.

Section 1 of the Act of March 18, 1775, 1 Sm. L. 422, as amended by section 1 of the Act of May 19, 1893, P. L. 108, reads in part as follows: "all deeds or conveyances that may have been made and executed prior to the passage of this act......which shall not be [duly] recorded......within ninety days after the date of the passage of this act, shall be adjudged fraudulent and void as to any subsequent purchaser for a valid consideration, or mortgagee, or creditor of the grantor or bargainor therein." These statutes inure to the benefit of a purchaser at sheriff's sale: Heister's Lessee v. Fortner, 2 Binney 40; Kauffelt v. Bower, 7 S. & R. 64, 82; Stewart v. Freeman, 22 Pa. 120; Hultz v. Ackley, 63 Pa. 142, 144. Hence, as the deed to defendants' predecessor in title was executed before the passage of the amendatory act, but was not recorded within ninety days after

its passage, it must, unless other legal reasons be shown to the contrary, be "adjudged fraudulent and void" as to the title of plaintiff's predecessor.

But, say defendants, the statute does not apply where the subsequent purchaser, at the time he acquired title, had either actual or constructive notice of title in the prior purchaser. This they contend the sheriff's vendee had, in the instant case, by the actual possession of their predecessor at the time of the sheriff's sale, and by a written notice of her title read at the sale immediately before the property was sold. Either of such notices, if sufficient, would exclude the operation of the statute (Jacques v. Weeks, 7 W. 261, 270; Lance v. Gorman, 136 Pa. 200, 210; Tate v. Clement, 176 Pa. 550, 558; Jennings v. Bloomfield, 199 Pa. 638); but the burden of proof of showing the facts is on defendants, and "every presumption is to be made in favor of [plaintiff's predecessor, though] a subsequent purchaser": Boggs v. Varner, 6 W. & S. 469, 474; Wilson v. McCullough, 23 Pa. 440. This burden is not a light one, for, as stated in Meehan v. Williams, 48 Pa. 238, 242, such "actual or legal notice of the prior right......must show it clearly, for he [the first purchaser] is endeavoring to escape from the recording acts by an equity. He cannot ask a jury to find or assume that the second purchaser had notice, without positive evidence of the fact." See also Riddle v. Armstrong, 179 Pa. 263. Defendants have not met and carried this burden.

When Frank C. Miller conveyed the property to defendants' predecessor in title, both parties were living in it and both continued to reside there. By failing to record the deed, the record title remained in Frank C. Miller. Hence, when it was sold at sheriff's sale as his, the record title and actual possession were in the same person, and there was no constructive notice of a different ownership by reason of the fact that his mother, the grantee in the unrecorded deed, was also living in the property. We said in Salvation Army Inc. Trustees v.

Lawson, 293 Pa. 459, 463: "There can be no doubt whatever of the proposition that where the land is occupied by two persons, as, for instance, by husband and wife, and there is a recorded title in one of them, such joint occupation is not notice of an unrecorded title in the other......The rule is universal that if the possession be consistent with the recorded title, it is no notice of an unrecorded title." Many cases so hold, but it is sufficient to refer to Stewart v. Freeman, 22 Pa. 120, 123; Townsend v. Little, 109 U. S. 504; Kirby v. Tallmadge, 160 U. S. 379, 388; Rankin v. Coar, 46 N. J. Eq. 566. Indeed, this conclusion is but an application of the general principle that, in the absence of proof to the contrary, actual possession is presumed to be in him who has the record title. It would be intolerable to require an intending purchaser or encumbrancer to ask every person living in a property, be they many or few, whether or not he has a better title than the record owner, who is also in possession. This would be to shift the burden of clear proof of notice from him whose neglect to record his deed has caused the trouble, to him who has been guilty of no neglect; and would reverse the rule that the possession of one holding under an unrecorded deed, in order to be effective as against a subsequent purchaser, must be open, notorious, distinct and unequivocal: Rankin v. Coar, supra.

The notice which it is alleged was read at the sheriff's sale, and upon which, also, defendants rely to defeat the record title, is as follows: "To D. G. Gourley, sheriff, and all purchasers and bidders: You and each of you are hereby notified and informed that all that certain piece, parcel or lot of ground.......[describing it], seized and taken in execution and about to be sold...... as the property of F. C. Miller, is not the property of said F. C. Miller, nor has he any right, title, interest, property, claim or demand to the same or any part thereof and that the purchaser thereof will take no title or interest therein or thereto, that the title and right of

possession is in Mrs. M. J. Miller, who is now and has been in full possession of the same. Witness my hand this 11th day of Sept. A. D. 1894. Mrs. M. J. Miller, by her attorneys, Carmalt and Strong." This paper was offered in evidence as an ancient document which proved itself, but was rejected by the court below, and that ruling is now assigned as error. We are not concerned with the reasons for the decision, however, since the contents of the paper, even if we assume it to have been duly proved, would not aid defendants' contention in this case.

It will be observed that it contains only a bald assertion of ownership and possession in Mrs. M. J. Miller, defendants' predecessor in title, and an absence of ownership in Frank C. Miller. It does not aver that she had a deed from him, though he was the record owner whose title was about to be sold, nor that her title was derived under or through him. Except the fact of possession, with which we have heretofore dealt, the notice gives nothing definite for purchasers to investigate. Where, as here, the defendant in the execution is the record owner of the property, so that a purchaser at sheriff's sale will obtain a good title, if only the record is to be considered, any notice which is intended to prevent that result, must be more than a bald assertion of title or possession. It must be specific with respect to the title of the one giving the notice, and sufficiently definite to enable intending purchasers to determine, then and there (for no opportunity is given for a later examination regarding the truth of the facts stated in the notice), whether or not these specific averments, if true, will affect the title which would otherwise pass by the sale. The only effect of such a general notice as above quoted, if it was held to be sufficient, would be to deter prospective bidders from buying, because they could not possibly ascertain the truth from what was read; and it would thus enable some one, if the notice was not true in fact, to buy the property at a grossly inadequate

price. This is against the policy of the law, because its tendency and effect is to open wide a door for fraud.

In Lance v. Gorman, 136 Pa. 200, it appeared that title to a property purchased with money of the wife, by mistake had been taken in the name of the husband. Judgments were recovered against him by one Swayze; and later, to correct the mistake in taking title in the husband's name, the property was conveyed to a strawman, named Klingerman, and by him to the wife; but neither conveyance referred to the fact that she had been the equitable owner since the time of the original purchase. An execution was issued on the judgments, and at the sale the wife caused to be read a notice as follows (page 202) : "To purchasers and bidders: Take notice, that the following property, taken in execution and advertised to be sold this day, bounded and described as follows......as the property of Joel C. Lance, is not the property of Joel C. Lance, as whose property it is advertised to be sold, but is the sole and separate property of Anna Lance, and any person buying the same at this sale will acquire no title." We said (page 210) : The notice "is silent as to the fact, now relied on by the plaintiff, that her equitable title antedated the Swayze judgments on which the property was sold. That fact is not even suggested in the written notice, and, in the absence of anything tending to convey such information, the assertion in the notice that the property offered for sale 'is the sole and separate property of Anna Lance,' is referable alone to the deed of David Klingerman and wife to her, executed after the Swayze judgments were entered against her husband. As notice of the anterior resulting trust and equitable title in Mrs. Lance, the paper read at the sheriff's sale was no more effective than the constructive notice arising from the possession of her tenants at the time of the sheriff's sale." So, here, if the notice, in addition to averring ownership in Mrs. Miller, had asserted also that her title was derived by deed from Frank C. Miller, made before the entering of

the judgments upon which the sale was about to be had, it would have been effective to require an investigation regarding such title; but the language in fact used gave no information as to this, and hence was of no value as a notice of it.

It follows from what has been said that the purchaser at the sheriff's sale acquired thereby a better title to the property than defendants' predecessor had by the unrecorded deed from Frank C. Miller. This being so, this better title inured to all the grantees in the chain from the sheriff's vendee down to the present plaintiff, even though such later vendees knew, either then or thereafter, all about the title through which defendants claim: Bracken v. Miller, 4 W. & S. 102; Justice v. Watkins, 276 Pa. 138. For this reason, it is not necessary to consider the other assignments of error.

The judgment of the court below is affirmed.