## Ligonier Township Annexation

*Howard M. Whitehead, James N. Gregg*, for complainants.

*W. E. Topper, Carroll Caruthers*, for respondent.

*Louis J. Kober*, for petitioners.

O'CONNELL, J., June 27, 1955.—On August 7, 1954, there was filed in the Court of Quarter Sessions of this

county at July sessions, 1954, no. 14, a record of an annexation to the Borough of Ligonier of a section of Ligonier Township adjacent to and northeast of the said borough. On September 3, 1954, a complaint was filed by A. M. Sweeney and Marie Sweeney, his wife, against the said proceeding. This complaint was joined in by the Township of Ligonier, through its solicitor James Gregg, Esq., and an order was made fixing the time and place for hearing. Hearings were held in this matter September 27, 1954, and October 1, 1954.

Motions were made to dismiss the complaint, both before and at the time of the hearing, based on the fact that no recognizance with sufficient security to prosecute the complaints were filed, that complainants were not persons aggrieved by the ordinance annexing the area, that the rights of complainants were not joint rights but separate and distinct rights, that joint complaints were not authorized by the act under which the annexation was brought and that the Township of Ligonier was not properly joined as a party complainant.

At the time of the hearing, it was agreed that the only question to be decided was whether or not a majority of the freeholders in the territory proposed to be annexed had petitioned the Borough of Ligonier for annexation.

Many of the signers were husband and wife and owned their property as tenants by the entireties.

"Where husband and wife hold real estate by the entireties, each constitutes a freeholder for the purpose of determining whether a majority of the freeholders of territory sought to be annexed to a municipality have signed the annexation petition in conformity with The General Borough Act": Appeal of Township of Somerset, et al., 42 D. & C. 470.

"As to the definition of 'freeholder', the required signers, the court in Annexation of Land to Ephrata Borough said that 'a freeholder is one who holds land in fee, or for life, or for some indeterminate period . . .' In counting the number of freeholders to determine that the requisite minimum has signed, tenants in common and tenants by entireties are counted individually as each has a freehold interest . . . Therefore the determinative feature seems to be that holding legal title is required to make one a 'freeholder' ": 11 University of Pittsburgh Law Review 451.

It is evident that complainants based their complaint on the fact that some of the deeds for some of this property were not recorded at the time of the proceeding and complainants took the position that the petitioners for annexation did not have a majority of the number of freeholders because they did not count these unrecorded deeds. These deeds were made to wives of the people who laid out the plans and other relatives, at least one of them was made and recorded after the first hearing was held, some of them were dated before the annexation proceeding and recorded after the first hearing in the case. We hold that under the act and under the decisions the petitioners for annexation have a right to rely upon the state of the record at the time the petition is presented to the borough council. We find the following in section 1 of the Act of July 20, 1953, P. L. 550:

"The determination of the required number of petitioners shall be made as of the date the petition is presented to the borough or city or township." (53 PS §111) "Actual possession [of property] is presumed to be in him who has the record title": Smith v. Miller et al., 296 Pa. 340, and Overly v. Hixson, 169 Pa. Superior Ct. 187, 191.

Accordingly, the petitioners and the borough were both entitled to rely on the presumption that posses-

sion of the property for which later recorded deeds were presented was in the original owners at the time the petition was prepared and presented.

We find no requirement in the Act of 1953, under which this proceeding was started, requiring the filing of a recognizance by complainants, but because we are deciding this case on the merits, we are not passing upon the various reasons given in the motion to dismiss the complaint.

We find as a fact that there were 68 freeholders in the area proposed to be annexed to the Borough of Ligonier and that 36 of these freeholders, being a majority, petition for annexation.

### Decree

And now, to wit, June 17, 1955, the complaint filed by A. H. Sweeney and Marie Sweeney, his wife, and the Township of Ligonier against the annexation of this portion of Ligonier Township to the Borough of Ligonier, be, and the same hereby is, dismissed.